## Case No. 16,809.

### UTTERBACH et al. v. BINNS.

[1 McLean, 242.][1]

Circuit Court, D. Kentucky. Nov. Term, 1834.

DEEDS—DELIVERY—INNOCENT PURCHASERS—RENTS AND IMPROVEMENTS.

1. The delivery of a deed is essential to its validity.

2. Where possession of a deed was fraudulently obtained by the grantee, and he conveyed to innocent persons, who entered upon the land and made lasting and valuable improvements, and were permitted to retain possession several years, they are entitled to compensation for their improvements.

[Cited in Tufts v. Tufts, Case No. 14,233. Cited in brief in Reamer v. Lamberton, 59 Pa. St. 463.]

3. In such a case the annual rents and profits will be deducted from the value of the improvements.

4. Where one party has refused to perform the contract, and the vendor, for instance, obtains possession of the land sold, the vendee, under such circumstances, cannot recover back the money paid.

[Cited in Dudley v. Hayward, 11 Fed. 546.]

[Cited in Ashbrook v. Hite, 9 Ohio St. 364.]

In equity.

Mr. Crittenden, for complainants.
Mr. Wickliffe, for defendant.

McLEAN, Circuit Justice. The complainants, in their bill, state, that a patent for about three hundred and seventy-eight acres of land issued to Charles Binns, particularly described; that settlements and improvements have been made on the land under an adverse claim by the complainants, or those under whom they claim. That a certain John Roberts declared he had bought the land, and produced and had recorded a regular deed of conveyance for it to him, from Binns. He sold and conveyed the land to complainants and received payment in full, except a small sum due from one of the complainants, before they had any notice of Binns's claim. They made valuable improvements on the land, and they state that Roberts had purchased the land from Binns, but did not pay him for it; but by some means having got possession of the deed, had it recorded and claimed under it, as above stated. Binns brought an action for the purchase money

[1] [Reported by Hon. John McLean, Circuit Justice.]

against Roberts, and obtained a judgment, which, on the ground of some pretended equity, Roberts enjoined; but the injunction was dissolved and the bill dismissed. Binns then filed a bill to enforce a lien for the purchase money and made Roberts and the complainants defendants. In this bill Binns stated that the deed was signed with the intention of being delivered when the purchase money should be paid. But that Roberts, by fraudulent means, got possession of the deed without paying the consideration, and that the deed was never delivered. Of all these facts, the complainants state they were ignorant, and so stated in their answer. This bill the complainants say was dismissed on the hearing. That Binns then brought a writ of right, and recovered. They represent that Roberts paid four hundred and fifteen dollars at the time of purchase. That the act of Binns amounts to a recision of the contract, and that they, claiming under Roberts have a lien on the land for said sum paid by Roberts and for all improvements. That in addition to their purchase, Roberts assigned to them the above payment, and they pray an injunction, &c. In his answer, Binns denies that complainants were purchasers without notice, that the above sum paid by Roberts was justly due, and he denies that he has rescinded the contract.

There is no evidence in the case which shows that the complainants, at the time of their purchase from Roberts, had any knowledge that he had, fraudulently, obtained possession of the deed. The delivery of a deed is as essential to its validity, as the signing of it; they are both essential to the execution of the deed. The complainants in their bill set out that the deed to Roberts was never delivered, and that he fraudulently obtained it. And they do not seek relief beyond a compensation for their improvements, and a return of the payment alleged to have been made by Roberts. There is nothing on the part of Binns, which shows a recision of the contract. On the contrary, he had endeavored in various modes to enforce the contract. But Roberts not only acted fraudulently in obtaining the deed, but he refused to make payment. He has endeavored by every means to defeat the recovery of the purchase money; and if it were clear that he made to Binns the payment as alleged in the complainants' bill, he has no right to recover the whole or any part of it back again. After not only utterly failing to perform his part of the contract, and defeating the repeated efforts made by Binns to enforce the payment, he cannot, now that Binns has, by legal measures, obtained a right of entry on the land, of which, indeed the deed to Roberts did not deprive him, he cannot in equity or at law claim a recision of the contract. We are clear, therefore, that no part of the four hundred and fifteen dollars, alleged to have been paid, can be recovered by Roberts or his assignee. But the claim for improvements, set up by the com-

plainants, stands upon different ground. They have acted in good faith. No fraud is alleged against them, nor is it proved that they had such notice of the fraud of Roberts, as to affect their consciences. He, apparently, at least, had a good and legal title; and they entered under bona fide contracts with him, and made valuable and lasting improvements on the land. The value of the land has been enhanced by the improvements, and under all the circumstances, we think that the complainants are entitled to compensation for their labor, in so far as it has not been made by the rents and profits. Commissioners will, therefore, be appointed to estimate the value of the improvements, and how much they have added to the value of the land; and also the annual amount of the rents and profits.

And at a subsequent day of the term the commissioners having reported the amount the complainants were entitled to receive, beyond the rents and profits, THE COURT decreed the same; and that on the payment of the same into the clerk's office, Binns should have the right to take out his writ of possession under the judgment on the writ of right.