## J. T. WILLIAMSON *v.* W. H. MOORE ET AL.

(No. 7,397.)

When a contract is rescinded by the act of one party, or by decree of a competent court, the other party must be remitted to the same condition he was in when the contract was made. If he has paid money, in pursuance thereof, it must be refunded. If he has made improvements, he must be reimbursed for their value.

SPECIAL TERM.—On demurrer to petition. The plaintiff is the assignee of William V. Barr, and seeks to recover upon a contract entered into between Barr and the defendants, dated May 24, 1848, by which, in consideration that he (Barr) should pay said defendants five hundred dollars, in cash, and certain notes given by the defendants and others to Joseph Taylor for the purchase of a tract of land in Virginia, they would convey to Barr one-third of the land. These notes were: one for five hundred dollars, due May 4, 1849; one for eight hundred and thirty-three dollars and thirty-three cents, due May 4, 1850; another for the same amount, on the 4th of May, 1851; one for six hundred and thirty-three dollars and thirty-three cents, due May 4, 1852, and another for two hundred dollars, due at the same time. The legal title to the whole tract is that held by the defendants, and, by the contract with Barr, he was to have possession of the land, with the liberty to cut timber upon the whole tract for the use of his saw mill. The petition alleges that Barr paid five hundred dollars in cash, the note due May 4, 1849, for five hundred dollars, and that due May 4, 1850, for eight hundred dollars and thirty-three cents. But before the maturity of the last three notes, Barr became embarrassed, and was unable to meet the payments. Whereupon, in May, 1853, no further efforts having been made to discharge the debt, the defendants sold and conveyed the property described in the contract to the Cincinnati and Hillsboro Railroad Co. for twenty-eight thousand dollars in their capital stock, which stock was secured by

the defendants, and appropriated to their use. They deny the right of the plaintiff to recover any portion of the amount, and, before Barr assigned the contract to plaintiff, they refused to allow any part to him. The petition closes with a prayer for judgment for the amount of Hillsboro stock due to the plaintiff by the terms of the contract, which, it is averred, is one-third thereof, deducting the defendant's notes not yet paid, with interest.

*R. D. & J. H. Handy*, for plaintiff.

*S. J. Thompson*, for defendants.

STORER, J. To sustain their demurrer it is claimed it is shown by the petition that the plaintiff's assignor was in fault for the non-performance of his contract, when this action was brought, and can not, therefore, require the defendants to perform their part of the agreement. We have been referred to many familiar cases, where it has been held "that a person who has refused or neglected to perform the condition on his part, on which the title was to rest, can not recover any payments he may have made." We admit the rule as found in 9 Cowan, 46; 13 Johns. 359; 20 Johns. 23; 1 McLean, 242; 5 Ohio, 375, 380; 5 Barb. 414; Story's Equity, sec. 109; Sugden on Vendors, 245; 12 Ohio, 193. There must be a performance, or a tender of performance, before either party can hold the other; but if, when the period of performance arrives, the party bound to convey has put it out of his power to perform, the other party is excused from any further duty, either by payment or an offer to pay. The law requires no one to do a vain thing, and when it is evident the person, to whom the offer to perform is to be made, can not comply with his obligations, but, on the contrary, the other party has, by his own acts, prevented a compliance, there need be no tender, as that ceremony would be a mere form. Co. Lit. 206.

In this case, it does not appear that time was not made

the essence of the contract, and without deciding whether, under the state of facts presented, a specific performance would be decreed or not, it is evident that Barr, if he had offered to pay the balance due on the notes, in May, 1853, could not have obtained a title to the property described in the contract, and could not, therefore, be regarded as in default.

But it is admitted that the defendants have rescinded the contract with Barr, so far as they were able, and now claim to hold the property or the proceeds as their own. The plaintiff, therefore, must be placed *"in statu quo,"* and is entitled to be restored to all he has lost. A court of equity will not rescind a contract for the purchase of lands, unless the party asking the decree places the other in the same condition, as he was before the contract was made, and we must apply the same rule to this case.   5 Ohio, 386, *Reed* v. *McGrew*: 6 Gill and John. 424, *Griffith* v. *Fred. Co. Bank;* 1 Denio, 69 ; *Mason* v. *Bovet.*

With these views of the law of the case, we must hold the plaintiff has made out a cause of action.   Whether it will enable him to recover one-third of the stock taken by the defendants, deducting the amount, with interest, which Barr was bound to pay ; or whether he is allowed to recover only the sums paid under the contract to the defendants and Taylor, by himself, we need not now determine.

The demurrer is, therefore, overruled, and the defendants have leave to answer.

Demurrer overruled.