<div align="right">ALBANY,<br>August, 1816.<br><br>KETCHUM<br>v.<br>EVERTSON.</div>

<div align="center">Judgment reversed.</div>

———————

## KETCHUM & SWEET against G. B. EVERTSON.

THIS was an action of *assumpsit*. The declaration contained the usual money counts, and a count upon an *insimul computassent*.

On the 8th of *March*, 1811, the parties, at *Poughkeepsie*, entered into a written agreement, by which the defendant contracted to sell to the plaintiff a place called " the *Four Corners*, in the town of *Washington*, and the lands included in a mortgage given by *Ebenezer Haight* to *Nehemiah Rogers* and *Daniel R. Lambert*, dated the 18th of *June*, 1809," for the consideration of 6,000 dollars, part of which, viz. 700 dollars, was to be paid on the 1st day of *May*, ensuing the date of agreement, and the residue of the purchase money, over the sum of 4,000 dollars, to be secured by a mortgage, by the plaintiffs, to *Rogers & Lambert*, to be paid in three annual instalments, and the residue, to wit, the sum of 4,000 dollars, due to the heirs of *Nicholas Evertson*, deceased, either to remain under the mortgage, then existing, or a new mortgage to be given by the plaintiffs, as the defendant should elect; the whole business to be transacted, and the defendant to give a deed of the premises to the plaintiffs on the 1st day of *May*, then next, at the office of *Rudd & Evertson*, in *Poughkeepsie*.

The plaintiffs entered into possession of the premises under this agreement. On the 1st of *May*, 1811, a quit-claim deed for the premises, to the plaintiffs, executed by the defendant, but not by his wife, was left at the office of *Rudd & Evertson*, in *Poughkeepsie*, ready to be delivered to the plaintiffs, who did not call for it, until in the month of *October* following, when

<div style="font-size:smaller">
Where a person agreed to sell land to another, and covenanted " to give a deed of the premises" to him, at a certain time and place, the tender of a mere quit-claim deed, without covenant or warranty, is a performance of the covenant; nor is it necessary that the wife of the vendor should join in the deed.

A party who has advanced money, or done any act in part performance of an agreement, but refuses to proceed to the completion and execution of the contract, the other party having performed, or being ready to perform every thing agreed to be done on his part, cannot recover back the money he has advanced, nor is he entitled to compensation for what he may have done in part performance; and, after such refusal to proceed, or voluntary abandonment of the contract, by the vendee, the vendor is at liberty to sell the land to another.
</div>

*Ketchum* requested the defendant to give up the contract, observing that his partner, *Sweet*, had failed; but the defendant refused to rescind the agreement. *Ketchum* then objected that the deed was a mere quit-claim, and did not contain the usual covenants of seisin, &c., or warranty, nor was it signed by the wife of the defendant. The defendant said the boundaries were, according to the mortgage of *Rogers & Lambert*, under which the plaintiffs had purchased, that the deed was pursuant to the agreement, and the only one he intended to give; and having performed every thing he was bound to do by the contract, he should not give it up; but that he was willing to rectify any mistake about the boundary. *Ketchum* then tendered a deed to the defendant with covenants and warranty, who refused to execute it. *Ketchum* then said he considered the contract as at an end, and demanded the 700 dollars, which, it appeared, had been paid by the plaintiffs, on the 8th of *May*, 1811, and was applied to pay the interest on the mortgage to *N. Evertson*, and the costs due to the attorneys of *Rogers & Lambert*. The plaintiffs quitted the premises in *February* following, and in *March* the keys were tendered to the defendant, who refused to take them.

In 1813, the defendant sold the premises to *Stephen Allen*, for the consideration of 4,560 dollars, by a quit-claim deed.

It appeared that the property was about to be sold under the mortgage to *Rogers & Lambert*, and that *Rudd & Evertson*, attorneys for them, requested the defendant to buy in the property at the sale, in order to save something on that mortgage; there being a prior mortgage to *N. Evertson*; and that the defendant, accordingly, became a mere nominal purchaser; that the sum of 6,000 dollars, which the plaintiffs agreed to pay, was not enough to satisfy both mortgages; and that the plaintiffs, before they made the contract, knew how the defendant acquired the title.

The judge was of opinion, that the plaintiffs were entitled to recover. The defendant claimed a deduction for two years value of the property, for the time the plaintiffs had kept him out of possession, which was rejected by the judge. The jury found a verdict for the plaintiffs, for the 700 dollars, and interest.

A motion was made to set aside the verdict, and for a new trial.

*P. Ruggles*, for the defendant, contended, 1. That the defend-
ant was a mere *trustee* in the business, without any interest, and
that his *cestui que trusts*, if any persons, were alone answerable.
There was a resulting trust to *Rogers & Lambert*, who advanced
the purchase money, or what was equivalent. They must be
considered as the real owners. The defendant is a mere no-
minal purchaser, at their request, and for their benefit.* It is
not necessary for the wife of a trustee to join in a conveyance;
for she cannot claim dower in the trust estate.†

2. The deed executed by the defendant was according to the
contract; he was not bound, by the terms of the agreement, to
give a deed with covenants or warranty; and, being a mere no-
minal owner, he could never have intended to bind himself to
warrant the title.‡

3. The defendant, as agent or trustee, had paid over all the
money he had received, before the contract was rescinded, and
he cannot, therefore, be now called on to pay it to the plaintiffs.§

4. The plaintiffs have voluntarily rescinded the contract, and
have, therefore, no right to recover back what they have paid in
part performance.

5. But even. if the plaintiffs were entitled to recover, the
evidence offered by the defendant to reduce the amount of da-
mages claimed, ought to have been received. The plaintiffs
had the use of the property, and ought to pay for that use.
There was no necessity of pleading, or giving notice of this.
The defendant had a right to sell the property, after the plain-
tiffs refused to accept the deed.

*Oakly*, contra. 1. The deed tendered by the defendant was
not such a deed as the plaintiffs were entitled to, under a fair con-
struction of the contract. He had, therefore, a right to regard
the contract as rescinded. He was entitled to a deed with the
usual covenants. It is true, that the court, in the case of *Van
Eps* v. *The City of Schenectady*,‖ have recently decided, that an
agreement to execute a deed of land was satisfied by a deed
without warranty or covenants, a decision of which I was not
before aware; but I did suppose that the grantor, under an
agreement of this kind, was, at least, bound to covenant against
his own acts;** but the deed offered was a mere quit-claim,
without any covenant whatever.

Vol. XIII.                    Z z

ALBANY,
August. 1816.

KETCHUM
v.
EVERTSON.

* 1 Johns. Rep.
45. n. Jackson
v. Sternbergh, 1
Johns. Cas 153.
3 Johns. Rep.
216 11 Johns.
Rep. 91.
† 1 Cruise's Dig.
334. s 24 Sugd.
L. of Vend 218,
219. 2 Ves. 631.
632. 2 Freeman's
Rep. 43. 71. Co.
Litt 31.

‡ 12 Johns. Rep.
436.

§ 7 Johns. Rep.
179 1 Chitty's
Pl. 25.

‖ 12 Johns Rep.
436.

** Sugd. Law of
Vend 296. 2 B.
& P. 283.

ALBANY,
August, 1816.

KETCHUM
v.
EVERTSON.
* 10 Johns. Rep.
266.

Again; the deed was not executed by the wife of the defendant. In *Jones* v. *Gardner*,[*] the court held that the tender of a deed not signed by the wife of the grantor, and which did not embrace all the land of the farm sold, was not a performance of a covenant to convey. It is true, that a court of equity would relieve against a claim of dower by the wife of a trustee. But the defendant had held the premises for some time, and was the legal owner. It was a resulting trust, resting in parol, and it would be hard to oblige the vendee to preserve evidence of that trust, to repel, at any time hereafter, a claim of dower.

2. The defendant having, by his sale of the premises to *Allen*, put it out of his power to convey to the plaintiffs, has voluntarily abandoned the contract with them, and ought to refund the money he has received.[†] The cases as to a vendor's power to resell the property and claim of the first vendee, the difference in price relates to personal, not to real estate.

† *Gillet* v.
*Maynard*, 5
*Johns. Rep.* 85.

The doctrine as to an agent paying over the money to his principal, cannot apply here. The defendant has not, in fact, paid over any money. A mere promise to pay over is not equivalent to an actual payment.[‡] Besides, in such cases, there should be *notice* that the money has been paid over.

‡ *Comyn*. 565.

3. The defendant acting as an agent or trustee generally, in regard to this business, and contracting personally, is liable on his personal contract.[§] The agreement contains no mention of any trust, nor any reference to a principal, but is wholly in the name of the defendant, and he might, in equity, have been compelled to a specific performance of the contract. He does not appear in the character of an agent; he was the sole legal owner of the property, and appeared as principal in the transaction throughout.

§ † *Comyn on
Contracts*, 252,
253. 5 *East*, 143.
2 *Keb.* 136.

4. As to the claim for the use and occupation; where a party refuses to perform a contract, and voluntarily abandons it, he virtually abandons all collateral benefits or advantages derived from use, or occupation, or improvement. It is as if the contract had never been made. This principle was laid down in the case of *Gillet* v. *Maynard*.

*D. B. Ogden*, in reply, said, that this was, in truth, an action brought by a party who had violated, or voluntarily rescinded, his contract, to recover back the money he had paid; but that a part could never make a breach of his own contract the foundation

of an action. That the defendant was a trustee was a fact known to all the parties; and the execution of the deed by the wife of the defendant was, therefore, wholly immaterial. The boundaries of the land being according to the mortgage, the plaintiffs were bound to accept the deed. If so, they cannot maintain this action. After their refusal, the defendant had a right to sell the land. He sold it for 1,500 dollars less than the sum which the plaintiffs stipulated to give; and he might well call on them to pay that difference, rather than be subjected to an action for the money they had advanced. The payment of the money received on the prior mortgage was for the benefit of *Rogers & Lambert*, and equivalent to a payment directly to them.

SPENCER, J., delivered the opinion of the court. The plaintiffs seek to recover of the defendant 700 dollars, paid upon a contract for the conveyance of a farm; and it is contended, that the defendant has violated the contract in several respects: 1st. In this, that the deed executed by the defendant contains no covenants of warranty; 2d. That the defendant's wife has not executed and acknowledged the deed; and, 3d. That the boundaries specified in the deed do not embrace all the lands constituting the farm at the *Four Corners*.

It appears, that the defendant executed a deed of the lands, included in a mortgage given by *Haight* to *Rogers & Lambert*, which deed was ready to be delivered at the office of *Rudd & Evertson*, in *Poughkeepsie*, on the first day of *May*, 1811; but the plaintiffs did not then, or on any subsequent day, receive the same, and perform the covenants which were simultaneously to be observed; the plaintiffs insisting on the preceding objections. It also appears, that the plaintiffs, who had taken possession of the farm contracted to be sold, abandoned the possession, and refused to perform their part of the contract; and that, subsequently, the defendant sold the same for a less sum than the plaintiffs had contracted to give. These are the material facts in the case, and I apprehend there is no ground for the plaintiffs' recovery.

The defendant stipulated *to give a deed of* the premises contracted to be sold to the plaintiffs; this covenant is fulfilled, by executing a conveyance of the property without warranty, or personal covenants. The case of *Van Eps* v. *The Corpora-*

*tion of Schenectady*, (12 *Johns. Rep.* 436.,) decides this point. If other reasons were necessary to show the propriety of that decision, than those stated in that case, they at once suggest themselves; courts of law can exact no more of parties than the performance of their contracts, according to the intention manifested by the terms used by them. When, therefore, it is agreed that a deed shall be given, nothing more can be exacted than an instrument sufficient to pass the estate of the party who is to give a deed. If it be required that the deed should contain covenants of warranty, nothing is more simple than the insertion of that stipulation in the contract. Courts are not to amend or alter the contracts of parties; and to construe an agreement to give a deed of a piece of land, to be also an agreement to insert a warranty, would be exacting more than the agreement specifies. A deed does not, *ex vi termini*, mean a deed with covenants of warranty, but only an instrument with apt terms, conveying the property sold.

These observations equally apply to the second point. The defendant alone was to give a deed; the agreement is silent as to the defendant's wife uniting in the conveyance, and it would be an entire interpolation to say, that the defendant agreed that his wife should join in the deed. Had the agreement been, that the defendant should, by deed, vest the title to the lands sold, in the plaintiffs, then the plaintiffs would have had a right, if the entire legal title was in the defendant, so that the wife might have been endowed of the land, in case of her survivorship, to insist on her joining in the deed. It is not necessary to say, that the defendant had such an estate, as that the wife might have been endowed, the agreement not giving rise to that question. The agreement evidently contemplates, that the deed to be given by the defendant shall be for the place called *the Four Corners*, as included in the mortgage given by *Haight* to *Rogers & Lambert*; a deed, then, adopting the boundaries and description in the mortgage, was a compliance with the contract, and it is admitted, that the deed executed was according to the mortgage.

The defendant, then, has complied with his agreement in all respects; and yet the plaintiffs, who have paid 700 dollars on the contract, and have totally refused to perform their part of the contract by accepting the deed, and giving a mortgage, seek to recover back the money thus paid, on the ground that the defendant has sold the farm, and thus rescinded the contract.

ALBANY,
August, 1816.

KETCHUM
v.
EVERTSON.

Where there is no agreement *subsisting* between the parties, but the same has been put an end to, by the election or refusal of the defendant to perform it, in general, the other party may recover back any money paid by him in part performance. This was so decided in *Raymond and others* v. *Bearnard,* (12 *Johns. Rep.* 274.)

It may be asserted, with confidence, that a party who has advanced money, or done an act in part performance of an agreement, and then stops short, and refuses to proceed to the ultimate conclusion of the agreement, the other party being ready and willing to proceed and fulfil all his stipulations, according to the contract, has never been suffered to recover for what has been thus advanced, or done. The plaintiffs are seeking to recover the money advanced on a contract, every part of which the defendant has performed, as far as he could by his own acts, when they have voluntarily and causelessly refused to proceed, and thus have, themselves, rescinded the contract.

It would be an alarming doctrine, to hold, that the plaintiffs might violate the contract, and because they chose to do so, make their own infraction of the agreement the basis of an action for money had and received. Every man who makes a bad bargain, and has advanced money upon it, would have the same right to recover it back that the plaintiffs have. The defendant's subsequent sale of the land does not alter the case ; the plaintiffs had not only abandoned the possession, but expressly refused to proceed, and renounced the contract. To say that the subsequent sale of the land gives a right to the plaintiffs to recover back the money paid on the contract, would, in effect, be saying, that the defendant could never sell it, without subjecting himself to an action by the plaintiffs. Why should he not sell ? The plaintiffs renounced the contract, and peremptorily refused to fulfil it ; it was in vain, therefore, to keep the land for them. The plaintiffs cannot, by their own wrongful act, impose upon the defendant the necessity of retaining property which his exigencies may require him to sell ; this would be most unreasonable and unjust, and is not sanctioned by any principle of law. There must be a new trial, with costs to abide the event of the suit.

New trial granted.