### DANIEL PACKER v. HIRAM F. BUTTON.

*Sale. Contract. Damages. Earnest Money. Demand.*

In an executory contract for the sale of property to be received and paid for at a specified time, the purchaser, in order to recover damages for non-performance of the contract by the seller, must offer to receive the property and pay the price, *at the stipulated time*, unless the seller has put it out of his own power to perform the contract, and this fact is known to the purchaser, and he for that reason omits to make such offer.

But the purchaser may, in such case, recover back the earnest money paid by him, if the seller before the time of performance has repudiated the contract and contracted to dispose of the property to another person, even though this fact be not known to the purchaser, who is only prevented from making a seasonable offer to perform on his part by an unforeseen accident which delays his arrival at the place of delivery until after the appointed time.

*Held*, in such a case, that the purchaser could recover back the earnest money paid by him, without any demand upon the seller before suit.

ASSUMPSIT, on a contract for the purchase of a quantity of wool, sold by the defendant to the plaintiff. The declaration also contained the common money counts. Plea, the general issue, and trial by jury at the September Term, 1861, KELLOGG, J., presiding.

The only question, on which exceptions were taken, related to the right of the plaintiff to recover thirty dollars, paid by the plaintiff to the defendant, as earnest money on said contract. On this question, the plaintiff's evidence tended to prove, that, about the 25th of November, 1858, he contracted with the defendant for the purchase of his wool, amounting to about 2800 pounds, at the price of forty-three cents per pound; and was to take the delivery of the wool, and pay for it, by the 15th of December, then next, at the defendant's dwelling house in Clarendon; that, at the time of making this contract, he paid to the defendant the sum of thirty dollars, by way of earnest money or part payment on account of the contract; that, on the 11th of December, 1858, it was mutually agreed between the plaintiff and the defendant that the time for the performance of the contract should be extended so that the plaintiff should take the delivery of the wool, and pay for it, by the 1st of February then

next ; that on the 1st of February, the defendant sold the wool to one Langdon, for the price of fifty cents per pound ; and delivered it on such sale to Langdon on the next day following, being the 2nd of February, 1859 ; that about nine o'clock in the morning, on the 2nd of February, 1859, the plaintiff went to the dwelling house of the defendant, and found Langdon there, engaged in sacking the wool ; and that the plaintiff then and there offered to the defendant to take the wool, and to pay for it the price stipulated in the contract between them ; and that the defendant then and there refused to deliver the same to the plaintiff, on the ground, as he then claimed, that the plaintiff had neglected to come for the wool and pay for it in the preceding month of January ; which last named month, the defendant then claimed to be the time limited by the terms of his contract with the plaintiff, as extended and enlarged, for its performance by the plaintiff.

The terms of the original contract of sale between the plaintiff and the defendant, and also the payment by the plaintiff of thirty dollars to the defendant, on account of the contract, were admitted by the defendant, as claimed by the plaintiff.

The defendant's evidence tended to prove that the time agreed upon for the performance of the contract was extended so as to include the month of January only ; that he made a parol contract merely with Langdon for the sale of the wool, on the 1st of February, and received no payment therefor, and delivered none of the wool under such sale, until after the 1st of February ; and that he had the wool in his possession up to and through the 1st of February, so that he could on that day, or at any time before, have delivered the same to the plaintiff in performance of his contract with the plaintiff, as the plaintiff claimed it to be, if the plaintiff had called upon him for that purpose.

It was admitted that the plaintiff never made any special demand upon the defendant for the repayment of the earnest money ; and never made any demand, whatever, for such repayment, before or otherwise, than by the commencement of this suit.

It appeared that the plaintiff resided in Mount Holly, and the plaintiff's evidence tended to prove (and on this point it was not contradicted,) that owing to a snow storm of unusual length and severity, the roads in the vicinity were, on the 1st day of February, 1859, and for two or three days before that time, very much blocked up and obstructed by snow-drifts, so as to render travelling on the same very difficult, if not impracticable.

The defendant claimed that the plaintiff was not entitled to recover the earnest money, if the jury should believe his evidence relative to his contract with Langdon ; although they might find that the time for the plaintiff's performance of his contract was, by agreement of the parties, extended to, and included, the 1st day of February ;—and requested the court so to instruct the jury. But the court declined so to instruct the jury ; and after instructing them, as to the rights of the parties to a performance of their contract *on* the 1st day of February, in a manner not excepted to, charged them, that if, under such instructions, and on the evidence in the case, they should find that the time for the performance by the plaintiff, of his contract with the defendant, as agreed upon by the parties, was extended to, and included, the 1st day of February, and that before the expiration of the 1st day of February, the defendant sold the wool to Langdon, such sale would be equivalent to an abnegation and abandonment on the part of the defendant of his contract with the plaintiff, and that it thereupon became his duty to pay back the earnest money to the plaintiff, and that this duty would not, in such case, depend upon any demand on him by the plaintiff, for the same ; and that the plaintiff would in that case become entitled to treat the contract as rescinded, and to recover back the earnest money, with interest thereon from that time up to the time of trial, notwithstanding they might also find the evidence thus given by the defendant, in respect to his contract with Langdon, and his possession of the wool after that contract was made, all to be true, and notwithstanding that no special demand for the repayment of the earnest money was made on the defendant at any time prior to the commencement of this suit.

The defendant excepted to the charge, and the refusal of the court to charge in the particulars above mentioned.

The jury returned a verdict in favor of the plaintiff, for the sum of $34.74 damages, being the amount of the earnest money, with interest thereon from the 1st of February, 1859, up to the time of trial.

*E. Edgerton* and *E. J. Phelps*, for the defendant.

*D. E. Nicholson* and *Daniel Roberts*, for the plaintiff.

POLAND, CH. J. The plaintiff in November, 1858, contracted with the defendant for the purchase of his wool, and at the time of making the contract paid thirty dollars to the defendant, as earnest. By the original contract the plaintiff was to take the wool at the defendant's house and pay the balance of the price by the 15th of the succeeding December. The jury have found that by a subsequent agreement, the time for taking the wool and paying the balance of the purchase money was extended to the 1st day of the following February. The defendant claimed that the extended time expired on the last day of January, and on the 1st day of February he sold the wool to one Langdon, but did not deliver the same, or receive any part of the price on that day, nor was there any memorandum in writing made of the contract. The plaintiff was prevented from reaching the defendant's house on the 1st of February, by reason of the roads being obstructed by a heavy fall of snow, but did appear there on the morning of the next day and offered to receive and pay for the wool, but the defendant refused to deliver him the wool, claiming that the contract expired on the last day of January, and the defendant was then engaged in delivering the wool to Langdon. The single question now presented by the case is, whether the plaintiff can recover back the deposit of thirty dollars, paid to the defendant when the contract was made.

The county court held, that as the plaintiff did not appear, and offer to receive and pay for the wool within the time limited by the contract, he was not entitled to recover damages for the defendant's refusal to deliver the wool, though but a few hours

Packer *v.* Button.

had elapsed, and the plaintiff was prevented by inevitable acci-
dent from complying with its terms, and that the plaintiff could
not recover such damages either by reason of the defendant's
sale to Langdon, because such sale was not so perfected by a
delivery as to actually put it out of the power of the defendant
to perform his contract with the plaintiff if the plaintiff had
himself offered to perform in time. The correctness of this rul-
ing is not now before us for revision, but we have no doubt of
its entire soundness.

As we understand the law, in a contract of this sort, the pur-
chaser, in order to entitle himself to a performance by the seller,
must offer to receive the purchased property and pay the price,
and nothing will excuse him from so doing, except that the seller
has put it out of his power to perform. If the seller has put it
out of his power to perform, and this be known to the purchaser,
and for that cause he omits to make what he knows must be a
wholly useless offer to perform, he may hold the seller liable.
But, if the seller has put it out of his power to perform, but this
is unknown to the purchaser, and he does not act upon it, or for
that cause omit to offer to perform, but omits it because he
himself does not wish to perform it, it seems to us very doubtful
indeed if he could hold the seller to the contract. It would
appear very much like an abandonment of the contract on his part.

The defendant claims that the right to recover back the money
advanced stands upon the same principle, as the right to recover
damages for the breach of the contract, unless the contract has
been rescinded by the agreement of the parties ; that any failure
by the plaintiff to perform, which would preclude him from
recovering damages, would equally preclude him from recovering
back what he has paid to the defendant, and that no fault of the
defendant would make him liable to pay back what he has
received, unless it be such as would also subject him to damages
for not performing the contract.

The law is well settled as we believe, that in a contract of
purchase where the purchaser pays a part of the price in advance,
but fails to pay the residue according to the contract, so as to
entitle him to performance, and the seller is in no fault, what has
thus been paid can not be recovered back. The law will not

allow the party who is solely in fault for not having the full benefit of his contract, to abandon it, and recover back what he has paid or done under it.

The only case cited that is claimed to be at all opposed to this view is *Raymond* v. *Bernard*, 12 John. 274. It would seem, as the facts are stated in that case, that the plaintiff was the party in fault in not offering to perform, or calling for a performance by the defendant, until long after the contract expired. But the case is put upon the ground, that the contract was put an end to by the defendant, and that therefore they were liable to repay the money the plaintiff had paid under the contract. It appears also in that case, that the defendant did not claim, when the plaintiff called for performance of the contract, that he was entitled to retain the money advanced, but tendered it to the plaintiff. The case of *Ketchum* v. *Evertson*, 13 Johns. 359, recognizes the principle as above stated, and the reasons for it are very clearly and forcibly stated by SPENCER, J., who pronounced the judgment of the court. In *Cobb* v. *Hall*, 29 Vt. 510, this principle was applied to a parol purchase of land, and the purchaser was not allowed to recover back what he had paid, upon his own refusal to complete the contract, though the contract could not be enforced by either party, not being in writing. If this contract, therefore, came to an end wholly by the fault of the plaintiff, it is clear that he is no more entitled to recover back what he has paid under it, than he is to. damages for the defendant's non-performance of it. But we think that the plaintiff may be entitled to recover back what he has paid, though not entitled to recover damages for a breach of the contract, even though the contract has not been rescinded by any agreement of the parties.

In Chitty on Contracts 276, it is stated, " It seems if neither party be ready by the appointed time, and both are in default, the contract is at law *ipso facto* dissolved, and the deposit is recoverable, unless the time has been prolonged by consent." And the same doctrine is stated by the same author in a note under page 386.

In the case of *Ketchum* v. *Evertson*, before cited, SPENCER, J., says, that the party paying money under a contract can not

recover it back, "the other party being ready and willing to proceed and fulfill all his stipulations according to the contract."

Almost the same language is used by Judge REDFIELD, in the case of *Cobb* v. *Hall*, *ub. sup.*, and is the common language of that class of cases.

This leads us to look at the relative position of the two parties to this contract, to see which was most in fault for the non-fulfillment of it.

The plaintiff was diligently and anxiously endeavoring to perform it on his part, to secure the advantage of a beneficial contract, and was a few hours behind time, and that by reason of an unforeseen and unavoidable accident.

The defendant, at least one day before the contract expired, entirely repudiated it, and denied that the plaintiff had any right to have it performed, and made another contract to sell the wool, at a much higher rate than he was to receive from the plaintiff. The contract that he made was one that he could not by law be compelled to perform, but it was not a void contract, and there is nothing to show that he did not intend to perform it, and on the next day it was perfected by a delivery.

It is entirely evident from the case that if the plaintiff had called for the wool on the 1st day of February, and offered the contract price, he would not have obtained it, as the defendant denied any liability on his part to perform it.

Under these circumstances it seems absurd to allow the defendant to say, "I held myself ready and willing to perform the contract on my part, until you failed to perform on yours, and I therefore claim to retain what I have received, as a forfeiture for your non-fulfillment."

Neither party was ready to fulfill the contract at the time stipulated, but the plaintiff's unreadiness was the result of accident, while that of the defendant was his own unwillingness to perform, and desire to make a better contract than he had made. The plaintiff's failure, though not through any actual fault, has the legal effect to deprive him of his right to enforce the contract, but the defendant is not in a condition to say, that he is without fault, and will exact the forfeiture of what the plaintiff has paid.

The defendant claims, also, that the plaintiff can not recover back the money paid, for want of a demand of it before suit.

The defendant received the money rightfully, but when the contract under which he held it was brought to an end, so much by his own fault that he was not entitled to retain it, it became his duty to repay it without any special demand upon him. The fact that the plaintiff claimed that the contract was wholly broken by the defendant, so that he was entitled to recover damages for the breach, is no reason for denying him such lesser remedy as he is found entitled to upon trial, his action being appropriately framed, for that purpose.

The judgment is affirmed.