ANDREW WHEELER

*v.*

STEPHEN P. MATHER.

56  241
184  411

1. ACTION — VENDOR AND PURCHASER — *right of the latter to recover back purchase money paid, after a rescission of the contract by the former.* Under a contract for the sale of land, providing that time, in respect to the payment of the several installments of the purchase money, shall be regarded as of the essence of the contract, and that, in case of default in prompt payment of any one installment, the vendor shall have the right to declare a forfeiture of the contract, if the vendee enters upon its performance, paying part of the purchase money, but makes default as to another part, which is inexcusable, and the vendor, being without fault, exercises the right given by the contract to declare the same terminated, and in so doing acts fairly and within the scope of the power, then no action can be maintained by the vendee to recover back what he has paid; and this is the rule, notwithstanding the contract does not provide that the vendor may retain the money paid in case of a forfeiture of the contract: Mr. JUSTICE SCOTT and Mr. CHIEF JUSTICE LAWRENCE, dissenting.

2. But a vendor who is himself in fault, for fraud or violation of his contract, can not exercise the power so given, without making restoration of what he has received under it. In such case the law would imply a promise to repay the purchase money received, and the equitable action for money had and received would lie to recover it.

16 — 56TH ILL.

3. REMEDY *of the vendee, under other circumstances.* There may be, however, cases where a vendee, chargeable with a technical default, under such a contract, might, under particular circumstances, be entitled to other relief. As, in a case where he had paid a large portion of the purchase money, made valuable improvements upon the property, and his default was the result of fraud, accident, or mistake; or the vendor should attempt to exercise the power of forfeiture in a case not fairly within its scope; or unfairly and oppressively, with the view of taking an undue advantage of the vendee by a forfeiture of payments or improvements, and in all other cases falling within the principles by which courts of equity are governed, the vendee may resort to such court to restrain the act of the vendor, if about to be done, or, if accomplished, to set it aside, and to have the equities of the parties arising from their relations adjusted according to the circumstances of each case.

4. RESCISSION OF CONTRACTS—*placing the parties in statu quo.* It is a general rule that, where the parties to a contract have not themselves prescribed the right of rescission and the circumstances under which it may be exercised, neither of them can declare a rescission for failure of the other to perform his part of the contract, without first placing the latter *in statu quo.*

5. But where the parties to a contract for the sale of land, agree that in case of a failure on the part of the vendee to make his payments at the specified times, the vendor may declare the contract forfeited, the right of the latter to declare the forfeiture does not depend upon his restoring to the vendee such of the purchase money as the latter may have paid under the contract.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

The opinion states the case.

Messrs. VALLETTE, PARKS & BEAVER, for the appellant.

We insist, the vendee can not, upon the facts in this case, recover back the purchase money he has paid, the contract having been rescinded by reason of his default.

The cases in which a vendee is allowed to recover back money paid on a contract for the purchase of real estate, where the contract has been rescinded, are well stated by Judge, WELLES, in the case of *Battle* v. *The Rochester City Bank,* 5 Barb. 414:

"First. Where the rescission is voluntary, and by the mutual consent of both parties, and without the default or wrong of either.

"Second. Where the vendor is incapable or unwilling to perform the contract on his part.

"Third. Where the vendor has been guilty of fraud in making the contract."

No case can be found where a recovery was allowed, unless it was upon one of the grounds stated in these propositions. The case at bar clearly would not fall within either of the supposed cases.

There are *two* principles, well established upon reason and authority, which, if applied to the facts in this case, will defeat a recovery.

First. A vendee can not recover back money paid upon a contract for the purchase of land, where the rescission is caused by his *default* or *wrong*.

Second. A vendee can not recover back money paid upon a contract, when he can not, or does not, place the other party *in statu quo*.

The case of *Ketchum* v. *Evertson*, 13 Johns. 163, is in point upon our first proposition, and decisive of this case. See, also, *Haynes* v. *Hart*, 42 Barb. 58, and *Hansbrough* v. *Peck*, 5 Wall.

The leading case in support of our second proposition is *Silk* v. *Hunt*, 5 East, 449. That case has been followed by all the courts in this country, and the principle adopted by this court in a number of cases that have been decided here.

In that case the tenant paid £10 upon a contract to lease a house, which the landlord agreed should be repaired in ten days. The tenant went into possession and occupied the premises for ten days and over, but the landlord failed to make the repairs, by reason of which the tenant left the place, and brought suit to recover back the money he had paid.

Lord Ellenborough decided that the action could not be maintained, for the reason that the tenant had received *some*

benefit from the contract, and that, therefore, the parties could not be left *in statu quo.*

To the same effect are the cases of *Hogan* v. *Myer,* 5 Hill, 389; *Peters* v. *Gooch,* 4 Blackf. 516; *Green* v. *Green,* 9 Cow. 49; *Masson* v. *Bovet,* 1 Denio, 74.

This court recognized the same principle in *Bowen et al.* v. *Schuler,* 41 Ill. 194; *Ryan* v. *Brant,* 42 id. 78; *Gehr* v. *Hagerman,* 26 id. 441; *Smith* v. *Lamb,* id. 398; *Buchenau* v. *Horney,* 12 id. 336; *Smith et al.* v. *Doty,* 24 id. 165; *Jennings* v. *Gage,* 13 id. 610. See, also, *Dowdle* v. *Camp,* 12 Johns. 450; *Hudson* v. *Swift,* 12 id. 26; *Richards* v. *Allen,* 5 Shep. 296; 5 Monr. (Ky.) 190.

Mr. H. SNAPP, for the appellee, contended the action would lie; that the right of rescission by the vendor could not be exercised except the vendee be placed *in statu quo,* citing, *Chrisman* v. *Miller,* 21 Ill. 235; *Moore* v. *Smith,* 24 id. 515; *Smith* v. *Lamb,* 26 id. 398; *Gehr* v. *Hagerman,* id. 441; *Murphy* v. *Lockwood,* 21 id. 619; *Smith* v. *Doty,* 24 id. 165; *Jennings* v. *Gage,* 13 id. 612; *Buchenau* v. *Horney,* 12 id. 338; *Foster* v. *Jared,* 12 id. 455; *Trimble* v. *Reeves,* 25 id. 214; *Anderson* v. *White,* 27 id. 57; 2 Hill (N. Y.) 293; 5 id. 390; *Bowen* v. *Schuler,* 41 Ill. 192; *Ryan* v. *Brant,* 42 id. 84.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This case is again before the court upon a rehearing granted at the instance of appellee. It has received an extended and careful reconsideration. But the court finds no reason for varying from the conclusion arrived at in the first instance. In order to a proper appreciation of the additional reasons and authorities given, it is necessary that a re-statement of the case should be given. It is an action of assumpsit, upon the common counts, brought by a purchaser of real estate, to recover back money which he had paid the vendor, and

the case was this: The appellee, plaintiff below, was the only witness on his behalf. He introduced in evidence articles of agreement under seal, bearing date April 1, 1861, whereby appellant, as party of the first part, in consideration of the prompt payment of the money to be paid by appellee, agreed to sell appellee lands therein described, subject to a mortgage, appellee covenanting to pay for them $1,892 as follows: $550 cash at the time of making the contract, $550 on the 1st day of June, A. D. 1861, and the balance, $792, on the 1st day of April, 1862. Time was made of the essence of the contract. Appellant covenanted that, on the payment of the principal and interest as specified, he would, without delay, convey all his right, title and interest in the premises by deed with full covenants of warranty. The articles contained the proviso that they were upon the express condition that, in case of failure of the party of the second part (appellee) in the performance of all or either of the covenants on his part to be performed, the party of the first part (appellant) should have the right to declare the contract void, and take immediate possession of the premises.

Appellee then produced in evidence a notice signed by appellant, dated August 2, 1862, and served on him about that time, which, after describing the contract, and reciting appellee's failure in making his payments, notified him that appellant declared the contract void and terminated.

From his own testimony, it appears that appellee had paid only part of the installment of $550 due June 1, A. D. 1861, and no part of that of $792, due April 1, 1862. Nor did he offer any excuse for such default, or claim that there was any fraud or default on the part of appellant, but says he never demanded any deed from him. Under this state of facts the court, on behalf of plaintiff below, instructed the jury:

" 1. That unless the contract between the plaintiff and defendant, offered in evidence, provides that the plaintiff shall forfeit all that he had paid upon the rescission of said con-

tract; and if they shall further believe from the evidence that defendant declared a forfeiture of said contract at his option under said contract, and that said contract had not been rescinded by the plaintiff, then there was no forfeiture of the amount paid by the plaintiff to the defendant, and plaintiff has a right of action to recover back whatever he paid to defendant on said contract."

" 2. That if the jury believe, from the evidence, that the contract of sale of the land mentioned in the articles of agreement offered in evidence by the plaintiff was rescinded by the defendant, then the plaintiff can recover from the defendant the sum or sums paid upon said land."

These instructions base the right of recovery upon the mere fact of appellant having declared the contract terminated, without reference to any question whether appellee was in fault or appellant without fault; and which, for this reason, were erroneous and must have misled the jury. There is no theory upon which this action can be sustained, if at all, except that of an implied promise.

If appellant had violated the contract, or it had been rescinded by mutual consent, then the law would imply a promise on his part to pay back the consideration received. *Faxon* v. *Mansfield*, 2 Mass. 147; *Seymour* v. *Bennet*, 14 id. 266.

But this contract was not rescinded by mutual consent. Appellee violated it, and then, as a consequence, appellant declared it terminated; and it was no breach of the contract on his part to do so. In *Battle* v. *The Rochester City Bank*, 3 Comst. 88, where the contract contained a similar provision and the right was exercised, the court said: " The rescission of the contract in question by the bank was not a breach of it, but was in pursuance of a provision contained in it; and the defendants are chargeable with no violation of it whatever."

We believe it to be a sound principle, supported alike by reason, authority and good morals, that no man can make his own infraction of his agreement the basis of an implied under-

taking in his favor, or of an action for money had and received against the other party who stands fair and innocent. It was upon this principle that the right of recovery was denied in the case of *Ketchum* v. *Evertson*, 13 Johns. 359, cited in the original opinion in this case. " It would," said the court, " be an alarming doctrine, to hold that the plaintiffs might violate the contract, and because they chose to do so, make their own infraction of the agreement the basis of an action for money had and received. Every man who makes a bad bargain, and has advanced money upon it, would have the same right to recover it back that the plaintiffs have."

In *Green* v. *Green*, 9 Cow. 47, Chief Justice SAVAGE reviewed all the former cases in New York on the subject, and closes his review by saying : " I forbear the citation of more cases. I have found none of a recovery, where the party wishing to consider the contract rescinded has not shown a breach of the contract on the other side, or what was equal to it."

The case of *Battle* v. *The Rochester City Bank*, 5 Barb. 414, involved the precise question in the case at bar. The contract contained the proviso that the vendors might declare it void for default of the vendee in making his payments. Default was made, the right was exercised, and the vendee sued to recover back what he had paid. WELLS, Justice, who delivered the opinion of the court (and it was afterward affirmed by the court of appeals, 3 Comst., *supra*), said, " in the case at bar it is not pretended that the defendants have not fulfilled to the letter every part of the agreement on their part to be fulfilled, and the plaintiff, by his counsel, in his opening, admits that he neglected to pay the first of the annual installments mentioned in the contract. I confess myself entirely unable to find, in any elementary treatise or reported case, a principle recognized, which would allow the plaintiff to recover."

*Stark* v. *Parker*, 2 Pick. 267, is a case where the plaintiff had agreed to work for the defendant a year for $120 ; worked part of the time, then quit without any fault on the part of

defendant, and sued upon a *quantum meruit* for what he had done. Lincoln, Justice, in delivering the opinion of the court, uses this language: "Nothing can be more unreasonable than that a man who deliberately and wantonly violates an engagement, should be permitted to seek in a court of justice an indemnity from the consequences of his voluntary act, and we are satisfied that the law will not allow it."

*Rounds* v. *Baxter*, 4 Greenlf. 454, is very similar in its facts to the case of *Ketchum* v. *Evertson, supra*, and the court there said: "The failure in the article of performance, then, was owing to the plaintiff's own fault, negligence or inattention, and we are to decide whether the law, in such circumstances, will furnish him an indemnity against the consequences of this fault, negligence or inattention. It is a proverbial principle that a man is not permitted, in a court of justice, to take advantage of his own wrong or neglect. The principle is founded in the highest reason. The defendant never made an express promise to repay the money in question, and why should the law imply one in favor of a man who has violated his contract on the part of one who stands fair and innocent? If a man gives his neighbor $100 he can not by law recover it back; no promise of re-payment is implied, and when the plaintiff concluded not to perform his contract, but abandon it, we must consider him as waiving all claim to what he had paid, as much as if he had given it without any pretense of consideration received."

In the case of *Hansbrough* v. *Peck*, in the supreme court of the United States, the contract contained a similar power, and also a clause authorizing the vendor to retain such purchase money as had been paid. The court, however, does not place the decision upon that ground; because, that being a case in chancery, such a clause, if it operated as mere forfeiture, would receive but little countenance from a court of equity. But recognizing the rule as laid down in *Ketchum* v. *Evertson, supra*, the court said, "and no rule in respect to the contract is better settled than this: That the party who has advanced

money or done an act in part performance of the agreement and then stops short and refuses to proceed to its ultimate conclusion, the other party being ready and willing to proceed and fulfill all his stipulations according to the contract, will not be permitted to recover back what has been advanced or done." 5 Wall.

The cases of *Smith* v. *Lamb*, and *Same* v. *Powell*, 26 Ill. 396, are in perfect harmony with the principles above enunciated. There the vendor was in fault, and the vendees were not. The first three payments had been made and accepted, and, if not made in time, the vendor had made no objection ; but, when the time came to make the last payment, he refused to convey, declared his inability to convey a good title for the reason that he had none and never had, and the court said : " Then it appeared that the vendor was not entitled to, and could not receive, the purchase money, and he had no right to claim a tender of money which he had no right to receive. The purchaser had a right to repudiate the contracts as forfeited by the vendor, or rather, as never having been rightfully executed by him, because he had no right to make them. The plaintiffs had a right to say, you have received our money wrongfully, and even fraudulently, and you must pay it back to us as if you had never made these contracts which you can not perform, and which you should never have made."

So of the case of *Gehr* v. *Hagerman*, 26 Ill. 438. The right of rescission on the part of the vendee was based upon an alleged breach of the contract by the vendor. And so far from recognizing the right of a vendee who had made part performance and then stopped short and refused to go farther, the court said : " The plaintiff, before he could rescind, was bound to restore the property, or at least offer to restore it, to the defendant, *after having performed or offered to perform* his part of the agreement." This is far from recognizing the doctrine that the vendee may violate the agreement on his part, and recover of the vendor what has been paid, even though the latter has not violated any part of his agreement.

The case of *Murphy* v. *Lockwood,* 21 Ill. 611, is cited to show that appellant, in the case at bar, could not declare the contract forfeited without a return of what had been paid. A single sentence from the opinion of the court will show that the contract in that case was essentially different: "Another objection equally fatal to the offer of performance by the vendor is found in the fact, that the contract nowhere imposes a forfeiture on default in any of the payments; and, therefore, the vendor, before he could rescind, should put the vendee in the same condition as before the making of the contract."

The absence of a provision in the contract making the time of performance or punctuality in the payments an essential condition, and of one authorizing the vendor to declare it forfeited for a failure to make punctual payments, is specifically noticed in this opinion, and constitutes an essential distinction between that case and the one at bar. Courts of law are not to amend or alter the contracts of parties; and where they agree, in unambiguous language, that, in case of a failure of the vendee to make his payments at the specified time, the vendor may declare the contract forfeited, we are unable to perceive upon what principle the courts can superadd a condition which the parties themselves did not see fit to impose. There is no question as to the general principle that where the parties have not themselves prescribed the right of rescission and the circumstances under which it may be exercised, restoration must be made. All of the other cases cited by appellee's counsel are of this latter class. And none of them tend to support the position that a vendee shall be permitted in a court of justice to obtain indemnity against the consequences of his own mere default.

From the authorities above cited, and others of like weight and respectability, we may deduce these rules: Where the vendee enters upon the performance of such a contract, and, paying part of the purchase money, makes default which is inexcusable, and the vendor, being without fault, exercises the right given by the contract of declaring the same terminated,

and in so doing acts fairly and within the scope of the power, then no action can be maintained by the vendee to recover back what he has paid. But a vendor, who is himself in fault, for fraud or violation of his contract, can not exercise the power so given without making restoration of what he has received under it. In such case the law would imply a promise to repay the purchase money received, and the equitable action for money had and received lie to recover it.

We do not, however, hold, or mean to be understood as holding, that these rules cover the entire subject matter. There may be cases where a vendee, chargeable with a technical default under such a contract, might, under particular circumstances, be entitled to other relief, as in a case where he had paid a large portion of the purchase money, made valuable improvements upon the property, and his default was the result of fraud, accident or mistake; or the vendor should attempt to exercise the power of forfeiture in a case not fairly within its scope; or unfairly and oppressively, with the view of taking an undue advantage of the vendee by a forfeiture of payments and improvements; and in all other cases falling within the principles by which courts of equity are governed, the vendee may resort to such court to restrain the act of the vendor, if about to be done, or, if accomplished, to set it aside, and to have the equities of the parties arising from their relations adjusted according to the circumstances of each case.

The case at bar presents no grounds for the action for money had and received, or relief in equity, within any of the above rules. The judgment of the court below must therefore be reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE SCOTT, dissenting:

The rule sought to be established by the majority opinion of the court seems to me to be so different from the rule heretofore uniformly recognized by this court that I can not concur in it. I can never yield my assent to a rule that will permit a

party to rescind a contract for non-performance on the part of the vendee, whether this contract relates to the sale of real or personal property, and take back that which he had parted with, and yet retain that which he had received under the contract. I am persuaded that the cases heretofore adjudged by this court, hold a sounder and better rule, and one more in consonance with our sense of justice.

It is not doubted, and never has been, that a party can not "make his own infraction of his agreement, the basis of an implied undertaking in his favor, or of an action for money had and received against the other party who stands fair and innocent." But if the vendor seeks to avail of the default of the vendee to rescind the contract and say that there is no contract existing between them, then, because there is no contract between the parties, the vendor holds that which he has received under the contract to the use of the vendee, and the law implies a promise to return it.

If the parties choose to contract for the forfeiture to the vendor of all that has been paid under the contract in case of non-performance, while it would in many cases be a hard and unconscionable contract that equity would not enforce, still the law would leave the vendee to the consequences of his own contract.

But that is not the case presented in the record in this case. The appellant did not contract for a forfeiture of what had been paid under the contract in case of non-performance on the part of the appellee. The contract between the parties was an executory contract, and the appellant chose to avail of a provision in the contract to rescind for non-payment according to the terms of the agreement. The provisions in the agreement, that authorized the vendor to rescind the contract in case of non-payment, gave the appellant no higher or greater power than the law invested him with in the absence of the agreement.

The appellee did not perform his contract promptly according to the terms of the agreement, but he never repudiated or

rescinded the contract, or sought to do so. The appellant voluntarily put an end to the contract against the protest of the appellee. A party ought not to be permitted to repudiate the contract and say that it is rescinded, and yet retain, at the same time, all that he has received under the contract. It has been so repeatedly held by this court. The law has afforded the vendor an ample remedy in case of non-performance on the part of the vendee. The vendor may hold himself in readiness to comply with his contract, and may file his bill in equity for a vendor's lien, and may have a decree for the unpaid purchase money, and, in default of payment, may have the premises sold to satisfy the same, or he may proceed at law to enforce the payment of his debt. But if the vendor elects to avail of the failure or neglect of the vendee to perform his contract, and put an end to the entire contract, before he can exercise this extraordinary power he must place the vendee *in statu quo*, and restore that which he has received under the contract, unless the vendor has contracted for a forfeiture, in which event, the law will leave the vendee to the consequences of his own contract.

I understand these views to be fully supported by the following cases: *Jennings* v. *Gage*, 13 Ill. 610; *Gehr* v. *Hagerman*, 26 id. 438; *Smith* v. *Lamb*, id. 396; *Murphy* v. *Lockwood*, 21 id. 611; *Staley* v. *Murphy*, 47 id. 241; *Buchenau* v. *Horney*, 12 id. 336.

It is no answer to this view of the law to say that the vendee, in many instances, has received rents and profits for which he ought to account to the vendor. The action for money had and received is an equitable action, and the equities between the parties may be adjusted in such an action. In such an action the vendor may recoup from the amount due the vendee any rents that the vendee may have received, or any damages that the vendor may have sustained by reason of the breach of the contract, and thus complete justice will be done between the parties.

. No doubt there are cases where the vendor would be justi-

254 STRAUSS *et al. v.* KRANERT. [Sept. T.,

Dissenting opinion. Syllabus.

fied in reselling the property to a third party, without first tendering back the consideration received from the vendee, but in all such cases he must hold the advanced payments for the use of the vendee, or until the equities between the parties, growing out of the contract and its violation, can be adjusted. *Thompson* v. *Bruen*, 46 Ill. 125.

I am therefore of opinion, on the facts contained in this record, that the appellee is entitled to recover.

Mr. CHIEF JUSTICE LAWRENCE: I agree with Mr. Justice SCOTT in the opinion, that in cases like that before the court, in which the contract does not provide for a forfeiture of the money paid, when the vendor has rescinded for non-performance by the vendee, the vendee may maintain an action at law for money had and received, and recover the money paid, less the rents and profits of the land while occupied by the vendee, and such damages as the vendor has suffered in consequence of the failure of the vendee to perform his contract.