Syllabus.

## JACOB E. BASTON

*v.*

## ZELOTES S. CLIFFORD.

68   67
88a 150
68   67
q101a³688

68   67
e103a¹524
e103a²524

1. VENDOR AND VENDEE—*when the vendee may recover back payments.* The cases wherein the vendee may maintain an action to recover back money paid by him under a contract for the purchase of real estate, where the contract has been rescinded, are: 1st. Where the rescission is voluntary and with the mutual consent of the parties, and without default on either side. 2d. Where the vendor can not or will not perform the contract on his part. 3d. Where the vendor has been guilty of fraud in making the contract. 4th. Where, by the terms of the contract, it is left in the purchaser's power to rescind it by any act on his part, and he does so. 5th. And where neither party is ready to complete the contract at the stipulated time, but each is in default.

2. Where the vendor is in no default, and is ready and willing to perform the contract on his part, the vendee can not recover back money paid by him on the contract. But the vendor must prepare and tender the deed, when its delivery is made a concurrent act with the payment of the purchase money, or he will not be said to have been ready and willing to perform.

3. Where the delivery of the deed and payment of the last installment of the price are concurrent acts, and both parties are in default, the vendor in not making and tendering a conveyance, and the vendee in not making payment, and some time after the vendor surrenders the vendee's note, and the vendee gives up possession, and the vendor conveys the land to a third person, thus putting it out of his power to perform, the vendee may recover back the payments made by him, under the common count for money had and received.

4. SAME—*whose duty to prepare deed.* The party contracting to execute a deed is bound to prepare it, if there be no agreement that it shall be prepared by the other party, and the vendor must tender it before he can demand the purchase money, where the payment and delivery of the deed are concurrent acts.

5. RECOUPMENT—*rents and profits and damages for waste in suit to recover back purchase money on rescission.* Where a purchaser, having gone into possession of the premises bought, after a rescission of the contract brings suit to recover back the purchase money paid by him, the vendor should be allowed, upon a proper plea, or notice under the general issue, to prove, by way of recoupment or set-off, not only the rents, issues and profits arising from the vendee's possession, and be allowed the same, but also the damages arising from waste committed by the vendee or his agent or tenants while in possession.

APPEAL from the Circuit Court of Clinton county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action of assumpsit, by Zelotes S. Clifford against Jacob E. Baston, to recover back money paid on a contract for the purchase of land. The opinion states the facts.

Messrs. GRAY & VAN HOOREBEKE, and Messrs. WILDERMAN & HAMILL, for the appellant.

Mr. D. C. JONES, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was an action for money had and received. The object of the suit, as appears from the record, was to recover back money paid by the appellee under a bond executed by appellant August 26, 1864, by which he obligated himself to convey, by warranty deed, to appellee. certain parcels of land therein described, containing in all 154 acres, for which appellee was to pay appellant $500 upon the execution of the instrument, and make and deliver to appellant two promissory notes of appellee of even date, the first of which was to be for $500, payable on or before January 1, 1865, and the other for $848, payable on or before January 1, 1866, with interest from date, at the rate of six per centum per annum. The condition of the bond reads thus: "Now, if the said Z. S. Clifford shall well and truly pay or cause to be paid the promissory notes above described, *then* the said Jacob E. Baston is to make to the said Z. S. Clifford, or his legal representatives, a warranty deed for the lands above described; upon the payment of which sums of money and the execution of said deed in manner as above provided for, the above obligation to be void, otherwise," etc. The bond further contains the following proviso: "That the said Z. S. Clifford is to have the rents of the above described premises, either in improvements or otherwise as per contract with the present tenant, for the year

1864. and the said Z. S. Clifford is to pay the taxes for the year 1864."

The sum of $500, payable at the time of the execution of the bond, was paid by appellee, and the notes for the deferred payments given, of which that for $500, payable January 1, 1865, was paid by him. When the remaining note for $848, payable January 1, 1866, came due, neither party was ready to perform the contract; the appellee was not ready to pay the money, and appellant neither prepared nor offered to make the conveyance required by his bond. Appellee took and retained the possession of the premises about four years.

In November, 1867, appellant returned the unpaid note to appellee, who retained it without ever offering to pay the amount; his tenant gave up possession of the premises to appellant, and August 6, 1868, the latter sold and conveyed them to another person. Under these circumstances, Clifford brought this action to recover back what he had paid under the contract.

Baston filed the general issue and gave notice of set-off for use and occupation of the premises. There was a trial by jury, and verdict and judgment for plaintiff.

The defendant brings the case here by appeal, and insists that the action could not be maintained; that there was error in the exclusion of evidence offered by him on the trial, and in giving instructions for appellee.

By the terms of the bond, the payment of the last note, due January 1, 1866, by the vendee, and the delivery of the deed by the vendor, were mutual and dependent acts, to be performed at the same time, and there is no provision authorizing the vendor to terminate the contract upon the failure of the vendee to make any of the payments.

The cases wherein the vendee may maintain an action to recover back money paid by him under a contract for the purchase of real estate, where the contract has been rescinded, are:

1st. Where the rescission is voluntary, and with the mutual consent of the parties, and without default on either side.

2d. Where the vendor can not or will not perform the contract on his part.

3d. Where the vendor has been guilty of fraud in making the contract. *Smith* v. *Lamb*, 26 Ill. 396; *Bannister* v. *Read*, 1 Gilm. 99; 1 Chit. Pl. 355; *Battle* v. *Rochester City Bank*, 5 Barb. 414.

4th. Where, by the terms of the contract, it is left in the purchaser's power to rescind it by any act on his part, and he does it. *Towns* v. *Barrett*, 1 Term R. 133; *Gillett* v. *Maynard*, 5 Johns. R. 85; 1 Chit. on Pl. 356.

5th. Where neither party is ready to complete the contract at the stipulated time, but each is in default. 1 Chit. Pl. 355; Chit. on Cont. (5th Am. Ed.) 632, 633, and notes.

But where the vendor is in no default, and is ready and willing to perform the contract on his part, the vendee can not recover back money paid by him on the contract. *Wheeler* v. *Mather*, 56 Ill. 241, and cases cited.

In *Bannister* v. *Read*, 1 Gilm. 99, this court, speaking of the doctrine of rescission and recovering back money paid on the contract, says: "Although one party to a contract may not alone rescind it, he may, nevertheless, by neglecting or refusing to perform it on his part, place it in the power of the other party, *where he is not also derelict,* to avoid it, or not, at his pleasure. The *breach* of one party may, in such case, be treated by the other as an abandonment of the contract, authorizing him, if he chooses to do so, to disaffirm it; and thus the assent of both parties to the rescission of the contract is sufficiently manifested —that of the one by his neglect or refusal to perform his part of the contract, and of the other by his suing, not for such breach, but for the value of any act done or payment made by him under the contract, as if it had never existed." See also, *Webster* v. *Enfield*, 5 Gilm. 298.

In the case in hand, the payment of the last installment of purchase money and delivery of the deed were, as we have seen, mutual, dependent and concurrent acts, but which neither of the parties was ready to perform at the stipulated

time. The purchaser was not bound to prepare and tender
a deed to the vendor, there being no provision in the contract
requiring it. *Buckmaster* v. *Grundy*, 1 Scam. 310.

In *Headley* v. *Shaw*, 39 Ill. 366, this court said: "A party
contracting to execute and deliver a deed is bound to prepare
the deed if there be no agreement it shall be prepared by the
other party, and the vendor must tender it to the vendee be-
fore he can demand the purchase money."

Although Clifford was not ready with the money at the
time it was due, still he did no act to prevent or excuse Bas-
ton from performing on his part by having a deed, in con-
formity with the contract, prepared and ready for delivery,
and tendering the same. Without showing such readiness
and willingness to perform on his part, he is not in a condi-
tion to charge a breach of the contract upon Clifford. *Tyler*
v. *Young*, 2 Scam. 445 ; and if Clifford was derelict, Baston
was also.

*Ketchum* v. *Everston*, 13 Johns. R. 359, is regarded as a lead-
ing authority upon the doctrine that a purchaser, who has
paid money on a contract for the purchase of land, and then
commits a breach of his contract, can not recover back what
he has paid against a vendor without fault. In that case the
court say: "It may be asserted, with confidence, that a party
who has advanced money, or done an act in part performance
of an agreement, and then stops short, and refuses to proceed
to the ultimate conclusion of the agreement. the other party
being ready and willing to proceed and fulfill all his stipula-
tions according to the contract, has been suffered to recover for
what has been thus advanced or done. The plaintiffs are seek-
ing to recover the money advanced on a contract, every part
of which the defendant has performed, as far as he could by
his own acts, when they have voluntarily and causelessly re-
fused to proceed, and thus have, themselves, rescinded the
contract."

The facts of that case show that the defendant prepared,
and, at the time the purchase money was payable, tendered

to the plaintiffs. a deed of the premises. and demanded the money, which they, upon grounds wholly untenable, refused to pay.

Now. the act of tendering the deed, when its delivery is made a concurrent act with that of payment of the purchase money, is what the court means, in the case just referred to, by readiness and willingness to perform on the part of the vendor, because it is equivalent to performance, and unless the vendor has been prevented or discharged from the act of preparing and tendering the deed by the conduct of the vendee, and he fails to do either at the time the concurrent acts of payment and delivery are to be performed, he is not in a position to say to the vendee: " You are in default, because you were not ready with the money at the stipulated time; I will, therefore, put an end to the contract, and sell the lands to another party, and, because of your default, retain what you have paid on the contract." The default which precludes a vendee from recovery must be a legal breach of the contract. When that occurs, and the vendor has fully performed on his part, the vendee can not recover back what he has paid, because that would be to allow him to take advantage of his own mere wrong But, in order to constitute such a breach as would bar a recovery under the circumstances of this case, the vendor must show that he put the vendee in default by the preparation and tender of such a deed as was required by the bond, or else that he was prevented or discharged therefrom by some act of the vendee.

Both parties being derelict in respect of readiness on the day of the last payment, nothing was done to affect their legal rights until November, 1867, when the vendor returned to the vendee his unpaid note. This the vendee retained without making objection or offering to pay the amount, and his agent gave up the possession of the premises to the vendor, who, August 6, 1868, sold and conveyed them to a third party, thus putting it out of the power of the vendor to perform. These

several acts were followed by vendee bringing this suit, not upon the contract, but upon the common money count, to recover back what he had paid, as though the contract had never existed. These are circumstances, when taken together, tending to prove a rescission of the contract by mutual consent, in which case the right of the vendee to recover back what he had paid, would be indisputable. But we are disposed to hold, aside from that feature, that the vendee, having performed down to the time of the last payment becoming due, and the vendor then failing to be ready on his part, and not having put the vendee in legal default, but remaining equally derelict with the vendee, and then conveying to a third person, can not be permitted to take advantage of his own wrong and retain what he had received under the contract. The law will imply a promise to pay it back, under such circumstances.

This case is clearly distinguishable from that of *Wheeler* v. *Mather*, 56 Ill. 241, relied upon by appellant's counsel. There, the vendee failed to pay an intermediate installment payable by a strictly independent covenant, and the contract, by express terms, left the power in the hands of the vendor to terminate it upon such a failure. Under that instrument, such a non-compliance on the part of the vendee constituted a legal breach; it put the vendee in default, and although the vendor did not exercise the power of putting an end to the contract until after the last installment became due, still he was not required to waive the former breach by the tender of a deed at the time the last payment became due, in order to a proper exercise of the power of forfeiture. So, it was there held, the exercise of the right of determination by the vendor, expressly given him, was no violation of the contract on his part, and that it did not confer upon the vendee the right to regard such exercise, and the bringing the suit, as a rescission by mutual consent; but the vendee having violated his contract, and the vendor being without fault, the action could not be maintained.

The position of appellant's counsel, that appellee's possession must be regarded as affording a benefit to him from a part performance of the contract, so as to prevent a recovery upon the money count, does not seem to be tenable.

*Hunt* v. *Silk*, 5 East, 449, is a leading authority for the doctrine. There, the possession was provided for by the contract. Here, it was not, and can in no sense be regarded as part performance.

We are inclined to think that, under the authority of *Burroughs* v. *Clancey*, 53 Ill. 30, and cases there referred to, the defendant below should be allowed, upon a proper plea or notice, to prove by way of recoupment or set-off, and to avoid circuity of action, not only the rents, issues and profits arising from appellee's possession, and be allowed the same, but also for damages arising from waste committed by him or his agent or tenant whilst in possession.

The instructions are not copied into the abstract, and we would be justified in not considering them for that reason; but we have, and find the first and second for appellee altogether too broad, and not placing the right of recovery upon the proper grounds. The court excluded evidence offered by appellant as to waste committed by appellee.

For giving the first and second instructions, and excluding such evidence, the judgment will be reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE WALKER: I concur in the decision of this case on the ground only that the vendor sold the land without offering to perform, on his part, within a reasonable time. If, however, the purchaser had delayed an unreasonable time without offering to perform on his part, then the vendor should not be held liable, even if he had sold the land. Nor should the purchaser be permitted to recover back the purchase money already paid, without offering to perform on his part, merely on the failure of the vendor to tender a deed on the

day fixed for the conveyance, but only on the sale of the land by the vendor, without an unreasonable delay of the purchaser in offering to pay the remainder of the purchase money.

Mr. JUSTICE SHELDON:  I concur with Mr. JUSTICE WALKER.