HENRY DONELSON, Defendant in Error, *vs.* THE EAST ST. LOUIS AND SUBURBAN RAILWAY COMPANY, Plaintiff in Error.

*Opinion filed October 26, 1908.*

1. APPEALS AND ERRORS—*a motion to direct a verdict does not call for weighing the evidence.* A motion to direct a verdict for the defendant in a personal injury case raises a question of law as to the sufficiency of the evidence favorable to the plaintiff to sustain a verdict in his favor, and does not call upon the court to weigh conflicting evidence and determine the preponderance.

2. SAME—*verdict manifestly against the weight of the evidence should be set aside.* The constitution, which provides that the right of trial by jury as previously enjoyed shall remain inviolate, does not make the jury the final judges of the weight of the evidence, and if a verdict is manifestly against the weight of the evidence it is the duty of the trial judge to set it aside and grant a new trial, and a refusal to do this is error requiring reversal.

3. SAME—*Appellate Court's judgment is final as to matters of fact in controversy though erroneous rule is followed.* In a suit at law the judgment of the Appellate Court is final as to all matters of fact in controversy, notwithstanding that court in its opinion expresses the erroneous view that an Appellate Court will not reverse a judgment where the evidence of the successful party, considered by itself, is clearly sufficient to sustain the verdict.

4. TRIAL—*when a personal injury case should go to jury.* An action for damages against a street railway company should go to the jury, where there is evidence tending to show that plaintiff, who had just alighted at a crossing from an east-bound car and passed in the rear thereof to cross the west-bound track, was struck by a west-bound car; that the plaintiff's view was obstructed by the east-bound car; that he looked and listened while walking but did not see or hear the west-bound car, and that such car had no lights although it was dusk, and that it came at a high rate of speed without sounding a warning.

235—40

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding.

SCHAEFER, FARMER & KRUGER, for plaintiff in error.

DAN McGLYNN, for defendant in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The defendant in error, Henry Donelson, Jr., a newsboy, twelve years old, was returning to his home in the city of East St. Louis at about six o'clock in the evening on February 17, 1905, and alighted from a street car of the plaintiff in error, the East St. Louis and Suburban Railway Company, at the intersection of Eighth street with Missouri avenue, on which the car was running. There were double tracks on Missouri avenue, and the cars going east used the south track and the cars going west the north track. The car on which he had been riding was running east on the south track, and he got off on the south side and passed around the rear of the car to go to his home, one block north. As he walked around the car and stepped upon the north track he was struck by a west-bound car and both legs were crushed, necessitating amputation of the right leg about three inches below the hip and the left leg about one foot below the hip. He brought suit, by his next friend, in the city court of East St. Louis, alleging that he was in the exercise of ordinary care and charging plaintiff in error with negligence in carelessly and improperly driving and managing the car which struck him, at a high and dangerous rate of speed, without any notice or warning of the approach of the car. Plaintiff in error filed a plea of not guilty, and on a second trial of the issues the defendant in error obtained a verdict for $8541.75. The

court overruled a motion for a new trial and entered judgment on the verdict. The Appellate Court for the Fourth District affirmed the judgment, and the record has been brought here for review from the Appellate Court by writ of error.

The only ground upon which a reversal is asked for is the refusal of the trial court to direct a verdict of not guilty on the motion of the defendant. That motion raised a question of law as to the sufficiency of the evidence favorable to the plaintiff to sustain a verdict in his favor, and did not call upon the court to weigh conflicting evidence and determine where the preponderance was. There was evidence fairly tending to support every material allegation of the declaration. It was between dusk and dark at the time of the accident and there was some snow on the ground. The view of the approaching car was obscured by the car from which the plaintiff alighted until he came around the rear of it, where there was a space of about three feet and nine inches between passing cars. He testified that he was walking; that he looked for an approaching car and did not see any; that he listened for a bell or signal and did not hear any signal, and to the best of his knowledge no signal whatever was given and that the car which struck him had no head-light burning. Other witnesses testified in his behalf and gave evidence tending to prove that there was no bell, gong or other signal; that there were no lights in the car and that it was going at a high rate of speed, estimated by some of the witnesses at from twelve to fifteen miles an hour. The testimony of the plaintiff was not physically impossible, either considered by itself or in connection with the other testimony in his behalf. If, as the witnesses testified, there was no light on the car and no signal was given and the car was running at a high rate of speed in passing the other car, the defendant was guilty of negligence; and if the plaintiff was walking at the time, and as he came around the rear of the car

looked and listened for an approaching car, it is not physically impossible that he failed to see or hear the approaching car. Witnesses on behalf of the defendant contradicted the testimony for the plaintiff and the evidence was in hopeless and irreconcilable conflict. The material facts were in controversy and have been finally settled by the decision of the Appellate Court.

It is true that the Appellate Court, in deciding the case, gave expression, in the opinion filed, to views as to the effect of the verdict of a jury which are not in accordance with the law, but the judgment of that court as to all matters of fact in controversy is none the less final and conclusive, notwithstanding such erroneous views. The constitution, which provides that the right of trial by jury as previously enjoyed shall remain inviolate, does not make the jury the final judges of the weight of evidence, and if a verdict is manifestly against the weight of the evidence it is the duty of the trial judge to set it aside and grant a new trial, and a failure to do so is error, for which a judgment must be reversed. (*Chicago, Burlington and Quincy Railroad Co.* v. *Gregory,* 58 Ill. 272; *Henry* v. *Eddy,* 34 id. 508; *Lincoln* v. *Stowell,* 62 id. 84.) In *Belden* v. *Innis,* 84 Ill. 78, the court said that in all cases where a verdict is manifestly and palpably against the weight of the evidence the judge in the trial court should promptly take the responsibility of setting aside the verdict, and a failure to do so is error. If a verdict is manifestly against the weight of the evidence, it is not necessary that it should further appear that it was not the result of the impartial and honest judgment of the jury, nor that it resulted from prejudice, passion or some improper motive or condition. To permit a verdict which is clearly and manifestly against the weight of the evidence to stand, upon the supposition that the jury were impartial and honest, would be as unjust and injurious to the defeated party as though it proceeded from passion, prejudice or some improper motive.

Again, it is not the rule that an appellate court will not reverse a judgment of a trial court where the evidence of the successful party, when considered by itself, is clearly sufficient to sustain the verdict,—which is the rule on a motion to direct a verdict. That rule was stated by this court in several cases of contested wills where the evidence was in irreconcilable conflict and the validity of the will depended largely upon opinion evidence, and among other cases was *Calvert* v. *Carpenter*, 96 Ill. 63. The supposed rule was not extended to actions at law, and the whole matter was set right in *Bradley* v. *Palmer*, 193 Ill. 15. The court there said (p. 90): "Manifestly, it was never said by this court, nor intended that it should be understood, that the court will not interfere with a verdict, in a case of this kind, on the ground that it is clearly against the weight of the evidence, where the evidence is conflicting, unless the evidence of the successful party, standing alone and considered by itself, is insufficient to sustain the decree. It has been repeatedly said that the rule is the same as in cases at law, and the statement of it in some of the cases in this form, 'that where there is a conflict in the evidence this court will not reverse the decree if the evidence of the successful party, when considered alone, is sufficient to sustain the decree,' is clearly subject to the qualification usually stated in the cases, that the verdict is not clearly against the weight of the evidence. When, as in the case at bar, the record shows that the verdict is against the clear weight and preponderance of the evidence, it will be set aside, as in cases at law." Whatever the view of the Appellate Court as to the rule by which it should be governed, the statute makes the judgment final and conclusive as to the controverted questions of fact.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*