## Fred Dettmer, Appellee, v. Donk Bros. Coal & Coke Company, Appellant.

VERDICTS—*when set aside as against the evidence.* A verdict will be set aside on review as against the weight of the evidence where it is clearly and manifestly so.

Action in case for personal injuries. Appeal from the Circuit Court of Madison county; the Hon. W. E. HADLEY, Judge, presiding. Heard in this court at the March term, 1910. Reversed and remanded. Opinion filed August 5, 1910.

WISE, KEEFE & WHEELER, for appellant.

C. H. BURTON, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

The declaration in this case charges that on February 3, 1909, appellant was engaged in mining coal at Maryville, Madison county, Illinois, with various means and appliances, mules and machinery; that appellee was employed as a driver; that it was the duty of appellant to furnish him a reasonably safe mule, but that appellant, not regarding its duty in that behalf, furnished an unfit and unsafe mule called, "Red," which mule was wounded and had a severe sore on its tail bone and on account of said wounded condition when the mule was touched by the harness or appliances, with which it was hitched to said car, it would become vicious and dangerous and would kick and be unfit and unsafe for use by appellee, all of which appellant knew or could have known by the exercise of due diligence; that appellee was not informed of said condition of the mule and while in the exercise of due care for his own safety he was performing his duties as driver, a part of the harness or appliances touched said wound or sore and caused the mule to kick and severely and permanently injured appellee's left leg and hip bone. Verdict and judgment in favor of appellee for $500.

Dettmer v. Donk Bros. C. & C. Co., 157 Ill. App. 22.

Appellee, as it appears from the proofs, was employed as a mule driver, working nights, in appellant's mine. On the night before he was injured, when he went to work, the name of the mule called "Red" was the only one left on the board where, according to the custom of the mine, the names of the mules to be used, were posted. He took Red and drove him until about 2 o'clock the next morning, when as he was coming from the bottom of the mine driving the mule, he, as testified to by him, stepped down from the car on to the tail chain to open a trap door and as he did so, the mule kicked him, knocking him down beside the car and causing the injuries complained of.

A witness for appellee testified that between the first and ninth of January, the mule Red had a sore place or bruise on the top of the tail bone and another stated that at the time of the injury, the mule had a cut or wound about one and a half or two inches long on the hip near the tail. The latter of these two witnesses swore that he reported the existence of the cut on the hip to the mine manager and his assistant, and also put a paper with a statement of it in what was known as the "pick book". On the other hand four witnesses, who swore they went to the stable for that purpose, examined the mule all over and did not find any cut, swelling or bruise of any kind upon him. Another witness, who had driven the mule for a year and a half, up to within three weeks of the injury, testified that he never saw any sore on him. Still another witness testified that he noticed the mule nearly every night and that he did not have any cut or sore place on him that the witness knew of; that he never noticed any. Appellee himself testified, "I never noticed whether or not the mule was injured before he kicked me. I never looked at him."

The charge in the declaration was that the mule was wounded and had a severe sore on its tail bone. Only one witness for appellee appears to have sworn to such a condition, while another witness for appellee, they being only two witnesses testifying for him upon the subject, swore the wound was on the hip. To meet this testimony for appellee,

six witnesses for appellant testified to facts which appeared to show that the mule had no wound or sore place at all. It would seem therefore that the overwhelming weight of the evidence was against the statement of the declaration that the mule was "wounded and had a severe sore on its tail bone."

There was no proof whatever in the record that the mule was dangerous and vicious or that he had ever kicked before, nor was there any evidence whatever tending to show that a part of the harness and appliances by which he was hitched to the car came in contact with any wound or sore and caused the mule to kick. The material charges in the declaration do not appear to have been sustained by the evidence, and the proofs, when taken together as a whole, show that the verdict of the jury was manifestly against the great weight of the evidence. Under such circumstances the judgment based upon that verdict, should not be permitted to stand. Donelson v. East St. L. and Sub. Ry. Co., 235 Ill. 625.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*