## John Bisel, Appellee, v. Kerens-Donnewald Coal Company, Appellant.

1. MINES AND MINERS—*when negligence not established.* Held, that the use of the latch and switch complained of in this case did not show negligence, the evidence showing that such latch and switch were the same in construction as all other latches and switches used in the mine and were operated in the same way as in other mines and railroads, the evidence not showing that the latch and switch in question were out of repair.

2. APPEALS AND ERRORS—*duty of court to submit case to jury.* If there is any evidence tending to prove the plaintiff's case, the court should submit it to the jury. After verdict, if it is manifestly against the weight of the evidence, it is the duty of the court to set the same aside.

3. TRIAL—*when remarks of counsel ground for reversal.* In an action for personal injuries remarks of counsel are improper and constitute ground for reversal where their purpose is to have the

jury treat the defendant corporation other than as an individual would be treated.

4. TRIAL—*when remarks of counsel ground for reversal.* In a close case unfair remarks of counsel calculated unduly to arouse the prejudice of jurors constitute ground for reversal.

Action in case for personal injuries. Appeal from the Circuit Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the March term, 1910. Reversed and remanded. Opinion filed November 12, 1910.

WISE, KEEFE & WHEELER, for appellant.

D. H. MUDGE, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

The plaintiff, John Bisel, alleged in a two count declaration in substance, that the defendant, Kerens-Donnewald Coal Company, neglected to furnish the plaintiff, as driver in its mine, a reasonably safe place in which to work and reasonably safe appliances with which to work; that the road and track of defendant at the junction of the fifth and sixth north entries off the first west entry in said mine were dangerous; that the outer or east rail of said track there was not sufficiently elevated above the inner rail, and that the sixth entry entered said fifth entry on a down grade curve; that the latch or point of the switch there was constructed and maintained with sufficient space between the latch and the rail to catch and hold the foot of one walking when the coal cars passed over same; that props, timber and gob and dirt were permitted to remain within one to two feet of the east rail there so as to obstruct the walkway for the driver; all of which the defendant ought to have known by the exercise of due care and have warned the plaintiff thereof, but failed to do so; that the same was unknown to plaintiff and while performing his duty as driver for defendant down said decline and around said curve over said latch his foot was caught thereby and his

trip-cars ran upon and crushed his foot while he was trying to keep the said cars on said track. Two trials have been had in the lower court and the first verdict for $1,500 was set aside on motion for new trial. This appeal is by the Kerens-Donnewald Coal Company from the second verdict and judgment for $1,000. The appellant insists here that it was not guilty of the negligence charged; that the appellee knew of the conditions at the place where he was injured and was himself guilty of contributory negligence; and that the verdict was the result of prejudice of the jury caused by improper remarks of appellee's counsel to the jury.

The evidence shows that the latch and switch complained of are the same in construction as all other switches and latches, and were operated in the same way as in other mines and railroads. The evidence does not in any way show that the latch or switch was out of repair. "A railroad company cannot be required to adopt any particular method of construction, or any particular contrivance or device, in order to be in the exercise of ordinary care. * * * The only question proper to submit to a jury in such cases is, whether the premises as they existed at the time of the injury were reasonably safe." C. & E. I. R. R. Co. v. Driscoll, 176 Ill. 330.

The claim of the plaintiff was that the roof over this switch was about five feet high and that the driver had to stoop over as he walked through there; that the curve there was very sharp and the east rail lower than the other and that it was a down grade, which caused the cars to hang eastward as they rounded the curve; that by reason thereof the cars had to be shoved westward as he walked in front of them and while doing this got his foot caught between the rail and the latch and that the car ran on it and crushed it. He also claims that the props were so close to the rail there that he could not safely walk outside the rail,

and that between the rails in front of the car is the proper place to walk. It is in evidence, too, that the driver usually had to run the mule at this point to keep the cars from running on to him. This was the first trip that plaintiff had made through this place as a driver, and he claims he did not know of the down grade and dangerous condition there and was not warned of it. If there is any evidence tending to prove the plaintiff's case, the court should submit it to the jury. After verdict if it is manifestly against the weight of the evidence it is the duty of the court to set aside the verdict. Donelson v. E. St. L. Ry. Co., 235 Ill. 625.

We do not desire to express any opinion as to the evidence in this case on the merits further than to say that it was an exceedingly close question as to whether or not any verdict should be allowed to stand without error of any character to contend with in the case. In his closing arguments to the jury plaintiff's counsel was permitted by the court over the objection of the defendant to say to the jury:

"There comes a time when the parties don't ask for special privileges, and this is the time when they are not asking for privileges. There is a time, and that time has come to-day, right now, in this very suit when this company wants to be treated the same as an individual; that time is when they are sued for the injury an employe has sustained. That is in this case when this plaintiff has been hurt, as we allege in count two of our declaration, by the negligence of this coal company, while the plaintiff was doing his duty, conducting that trip of cars around the curve, and it is when he has sued this company, and is before a jury, when they come and say treat us the same as an individual; give us the same privilege you would give an individual."

We consider it reversible error for the court to overrule the defendant's objection to these remarks.

Such remarks were very unfair and while it is not possible for us to say that the defendant suffered by them, yet their usual and probable effect is well known. There can at least be no mistake as to the intention with which they were made. No party or attorney should be allowed to profit by such unfair means, and this court has often given warning that in a close case unfair remarks of the above character calculated unduly to arouse the prejudices of jurors will be sufficient cause when considered alone to reverse the judgment. Had the court sustained the defendant's objection to said remarks we would then be unwilling to affirm this judgment because they are of such character that their effect cannot well be thus avoided.

The judgment is therefore reversed and the cause is remanded.

*Reversed and remanded.*