## Stany Petrausky, Appellee, v. Illinois Midland Coal Company, Appellant.

1. VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the evidence where not clearly and manifestly against its weight.

2. VERDICTS—*when not excessive.* A verdict for $1,300 reduced by *remittitur* to $800 will not be set aside as excessive notwithstanding it appears that the plaintiff's injury was slight, that his recovery was speedy and complete and that his loss of earnings was small.

Action in case for personal injuries. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1910. Affirmed. Opinion filed May 26, 1911.

BROWN, WHEELER, BROWN & HAY and JOHN T. CREIGHTON, for appellant.

W. ST. J. WINES, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case, to recover damages to compensate the plaintiff for personal injuries sustained by him on January 8, 1910, while in the employ of the defendant as a driver in its coal mine at Pawnee. The jury returned a verdict in favor of the plaintiff, and assessed his damages at $1,300. Upon the hearing of a motion for a new trial the plaintiff remitted $500 of the damages as assessed by the jury, whereupon the trial court overruled the motion and rendered judgment against the defendant for $800.

The declaration is based upon the alleged violation by the defendant of sections 18a and 18b of the Mines and Miners Act, requiring the mine examiner to inspect all places where men are expected to pass or to work, and to observe whether there are any recent

falls or obstructions in rooms or roadways, or other unsafe conditions; and further, to place a conspicuous mark at any working place discovered in which any dangerous condition is found to exist, and to at once report his finding to the mine manager. It alleges that at the time of the injury to plaintiff, a large amount of coal had accumulated under a certain curtain under which he was expected and required to pass, to such an extent as that it caused the curtain to rest upon the coal instead of hanging free and clear of the ground thereby rendering it likely that the mule driven by the plaintiff in passing under the curtain would step upon the curtain so lying on the coal, and be brought to an abrupt stop and thereby injure the plaintiff, thus creating a dangerous condition within the meaning of the statute; that the defendant wilfully failed and neglected to place a conspicuous mark at said dangerous place as notice to plaintiff and others to keep out until the same had been made safe, and that in consequence of such wilful failure and neglect plaintiff was injured.

The evidence tends to show that plaintiff had been in the employ of defendant as a driver in its coal mine for about two years; that for about ten days prior to the injury he had been driving through the cross-cut in which he was injured; that in doing so it was necessary for him to drive under a certain heavy canvas curtain hung near the center of such cross-cut, which curtain was fastened to a cross-bar in the roof of the cross-cut and extended to within an inch of the track, the sides and bottom being unfastened; that during the time the plaintiff had been driving through the cross-cut in question, coal had accumulated upon the track under the curtain to a height of from four to six inches, and in the roadway outside of the track to the height of about twelve inches, and that such condition existed at the time he was injured.

The plaintiff's evidence further tends to show that during the time he had been driving through the cross-

cut he had observed its condition, and asked the boss driver to be permitted to clean up his run, but that neither he nor any one was on that occasion assigned for that purpose; that the mine examiner inspected the cross-cut about four o'clock A. M. on the day of the injury, but made no danger mark at or near the curtain nor did he make any report to the mine manager of any existing dangerous condition nor of any obstruction in the roadway; that during the early part of the afternoon on that day, the plaintiff, with four loaded cars of coal hitched to his mule, approached the curtain on a slight down-grade; that the mule stepped on the end of the curtain, which being fastened at the top and held at the bottom by the weight of the mule, arrested the progress of the mule, and caused the loaded cars to jam forward by their own momentum, striking the plaintiff in the back, knocking him off the car, and grinding him between the sides of two of the cars and the rib of coal and so injuring him that he was confined to a hospital for forty-six days.

The evidence introduced by the defendant tends to show that while the dragging of the curtain in question over passing cars had caused some coal and slack to fall therefrom upon the track, there was but a small quantity at the place in question, and nothing unusual about the condition of the particular track as compared with its former condition or that of the tracks under similar curtains in the mine; that when the plaintiff reached the curtain the mule shied, as was his habit, and the light upon the plaintiff's cap went out, causing the mule to stop abruptly; that it had frequently done so before and that such habit of the mule was well-known to the plaintiff, and that his fall was the result of his failure, with such knowledge, to exercise proper care and caution. The decisive issues thus presented to the jury were whether or not the track under the curtain was in such condition as to constitute a dangerous place within the meaning of the stat-

ute, and whether or not such dangerous condition was the proximate cause of the plaintiff's injuries.

Counsel for the plaintiff seeks to involve the rule that a verdict should not be set aside by a court of review where there is a contrariety of evidence, when the facts and circumstances, by a fair and reasonable intendment, will authorize the verdict, notwithstanding it may appear to be against the strength and weight of the testimony, and cites authorities in support thereof. Such rule is applicable only when the propriety of submitting the issues to the jury is involved. Where it is sought to disturb a verdict on the ground that the same is against the weight of the evidence, the rule referred to is clearly subject to the qualification that such verdict is not manifestly and palpably against the weight of the evidence. If it be so, the trial judge should promptly take the responsibility of setting aside the verdict, and a failure to do so would constitute error. Donelson v. Ry. Co., 235 Ill. 625. In the case at bar, while the evidence is close and conflicting and we should not hesitate thereunder to approve a verdict either way, we are unable to say that the findings of the jury that a dangerous condition existed at the time and place where the plaintiff was injured, and that such condition was the proximate cause of such injury, are so manifestly and palpably against the weight of the evidence that the trial judge should have set the same aside.

It is contended that the damages awarded are excessive. The testimony of the plaintiff's physician shows that his injuries consisted of a sprained and bruised back, and slight laceration of his arm and leg, and that he had entirely recovered therefrom by May, 1910. He was injured in January and resumed work on the 1st of March following. There is no evidence that he paid or became liable to pay anything for necessary care and attention. It appears that the utmost he could have earned during the time he was disabled, was $160. It is insisted that the allowance of the dif-

ference between that sum and the amount of the judgment, for pain and suffering, which is as much as he could reasonably have earned in an entire year, is clearly excessive. The trial judge fixed the amount of the *remittitur*, and while at first blush the verdict appears to be unduly large, even after such *remittitur*, we cannot say that it is so grossly excessive as to warrant the requirement of a further *remittitur* or reversal of the judgment.

The judgment of the Circuit Court is affirmed.

*Affirmed.*