### Elmer Dockins, Appellee, v. Alton, Granite & St. Louis Traction Company, Appellant.

VERDICTS—*when set aside as against the evidence.* A verdict will be set aside on review as against the evidence where the Appellate Court can say that it is manifestly and clearly against its weight.

Action in case for personal injuries. Appeal from the City Court of Granite City; the Hon. J. M. BANDY, Judge, presiding. Heard in this court at the March term, 1911. Reversed and remanded. Opinion filed November 11, 1911.

SCHAEFFER, FARMER & KRUGER, for appellant.

M. R. SULLIVAN, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Elmer Dockins, a minor, by Katie Dockins, his next friend, brought this suit to recover damages for injuries alleged to have occurred to him, while alighting from a car of the Alton, Granite and St. Louis Traction Company, in Granite City, Illinois, on the night of June 11, 1910.

The negligence charged was the sudden starting of the car while the plaintiff was about to step therefrom, by reason whereof he was thrown with great force and violence from the car on to the street. A verdict in favor of the plaintiff for $500 was sustained by the court below and judgment entered for that amount.

The defendant below brings the case here by appeal and alleges as reasons why the judgment should not be permitted to stand that the verdict is not supported by the evidence and that there was error in one of the instructions given for appellee.

Appellant, as it appears from the proofs, operates an electric car line from St. Louis, Missouri, to Granite City and other points in Illinois. In the afternoon of the day above mentioned, appellee, a minor eighteen years of age, and two companions, J. C. Metcalf and Clarence Smith, all of whom resided in Granite City, went to St. Louis, Missouri, for a pleasure trip and about ten o'clock that night they boarded one of appellant's cars to return home. Appellee and his companions occupied seats near the middle of the car. When the car reached the intersection of B street and 20th street in Granite City, where the three boys intended to get off, it stopped and certain other passengers there left the car. At or about the same time appellee and the two other boys rose from their seats and went forward to alight by way of the front platform, but were told by the motorman that they must get off at the other end and they thereupon passed back to the rear of the car. Appellee testified that after

going to the rear of the car, Metcalf, who was in the lead, stepped to the street; that he, appellee, had descended from the platform to the step for the purpose of stepping down to the ground, when the car started with a sudden jerk and threw him from the step to the ground, causing the injuries complained of; that the conductor rang the bell while he was on the step, thus giving the signal for the car to start.

On behalf of appellant a physician, who treated appellee for his injury, testified that appellee told him that he wanted to get off at the crossing and the car did not stop so he jumped off; that when he got off the car was going "at a pretty fast clip." Another physician, who appears to have been appellant's physician, but was treating a member of appellee's family at the time, stated that the next morning after the injury, appellee told him that he jumped off the car while it was in motion. The conductor swore that he heard the boys jump from the car after it had left 20th street at a point about 150 feet therefrom and gave the signal to stop, and the motorman stated he got the signal to stop about the middle of the block. A passenger who sat in the smoking compartment at the rear of the car, testified he saw the boys jump off while the car was in motion and two other passengers stated that the car started before the boys reached the back end and did not stop until the signal was given by the conductor, after leaving 20th street. All three of the passengers above mentioned also stated that there was no jerk of the car when it started at the intersection of B and 20th streets.

The only question of fact to be determined by the jury, was whether appellee attempted to alight from the car while it was standing still at the crossing of the streets named or whether he jumped therefrom afterwards, while the car was in motion.

We deem it unnecessary to discuss the evidence further than it is above referred to, except to say that

514 APPELLATE COURTS OF ILLINOIS.

Dockins v. Alton, Granite & St. Louis Traction Co., 165 Ill. App. 511.

the testimony of appellee and his companions when considered carefully, was of a very unsatisfactory nature and that the clear preponderance of the evidence, both as to the number of the witnesses and otherwise, was so manifestly in favor of appellant that the judgment should not in justice be permitted to stand.

Our Supreme Court in the case of Donelson v. East St. Louis Sub. Ry. Co., 235 Ill. 625, has approved the doctrine that where a verdict is manifestly and palpably against the weight of the evidence, the judge in the trial court should promptly take the responsibility of setting aside the verdict, and that a failure to do so, is such error as on appeal will demand the setting aside of the judgment.

An instruction given for appellee appeared to authorize him to recover damages for loss of services during minority. Appellee attempted to obviate and overcome the vice of this instruction by a release of services during minority, filed after the motion for new trial had been argued, by his next friend, Katie Dockins, who stated that she was the mother of appellee and that his father was dead.

The complaint made by appellant of the irregularity of this release and its insufficiency to cure the defect in the instruction, is not without force but does not demand further consideration here for the reason that the matter can readily be remedied before the next trial of the cause.

The judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*