## F. C. Damm, Defendant in Error, v. O. S. Bowman and United Religious Press, Plaintiffs in Error.

### Gen. No. 16,858.

REPLEVIN—*when judgment against corporation not error.* On replevin for a machine, it is not error to give judgment against the defendant corporation instead of the president and manager alone, with whom it is contended an agreement concerning the machine was made, where the machine was on the premises of the corporation and was detained by both the president and the corporation.

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 3, 1912.

JOHNSON & MOLTHROP, for plaintiffs in error.

WILLIAM H. A. RUST, for defendant in error.

MR. JUSTICE FITCH delivered the opinion of the court.

The defendant in error, hereinafter called the plaintiff, sued the plaintiffs in error, hereinafter called the defendants, in replevin in the Municipal Court and recovered a judgment by which, after finding that the right of property is in the plaintiff, but that it was

rightfully held by the defendants for the payment of $135 advanced by the defendants to the plaintiff, it is ordered and considered that upon the payment of $135 to the defendants within thirty days, the plaintiff have and retain the property replevied, but in default of such payment, the defendants have a return of the property so replevied. This writ of error is brought to reverse said judgment.

In March, 1910, the United Religious Press, a corporation, was engaged in printing and publishing religious publications. It owned and occupied a building on Fortieth street, Chicago. Plaintiff, a machinist, was employed at a salary of $30 a week to take care of the machinery used in the printing establishment. The defendant, Bowman, was the president and manager of the defendant corporation. In the latter part of March, 1910, Damm told Bowman that he had learned through a man named Knapp, that there was a linotype machine in Indianapolis which had been through a fire. Damm testified that he said to Bowman that the machine could be bought and rebuilt and some money made on it, and proposed that he would buy the machine, rebuild it and give Bowman one-half the profits, if Bowman would furnish the necessary money, and that Bowman replied to this proposition, "All right, you go and buy the machine and you can rebuild it, and if it proves to be a good machine, I will probably buy it myself." Bowman testified that the substance of this conversation was, that Damm came to him and told him of the machine and said he thought it could be bought for $50; that "we had better buy it, and asked me if we had the money to purchase the machine. I told him he had better learn if the bargain could be had, and if it could, we would send him after it at once"; that Damm immediately sent a telegram and reported that the machine was still there "and if I said so, he would go that night and buy the machine." Both witnesses agreed that Bowman then gave Damm

a check of the defendant corporation for $50 and $12 in currency, and Damm went to Indianapolis the same night and bought the machine. He was obliged, however, to pay $75, and testified that he pawned his watch to raise the balance of the amount required for the purchase. Damm took a bill of sale in his own name, boxed, crated and shipped the machine to Chicago, where it was taken to the defendants' place of business and placed in a room apart from the other machines. A week later, plaintiff quit the employ of the defendant company, but by agreement, was permitted to use a portion of the defendants' premises for the purpose of repairing machines belonging to others. The plaintiff rebuilt the machine in question, and for that purpose he purchased, from time to time, a number of parts and fittings, and presented bills for such payments to Bowman, who paid for them with the company's checks. It was conceded on the trial that the defendants in this manner refunded to the plaintiff all the money that he ever paid out for or on account of the machine so purchased and rebuilt. In May, 1910, plaintiff requested Bowman to advance $175 more for other parts and fittings, which Bowman declined to do, whereupon, or soon after, plaintiff tendered to Bowman the sum of $135 in cash (which was the amount previously paid out by the defendants for the machine and the different parts added to the same), and demanded possession of the machine; and upon the refusal of the defendants to deliver possession, brought suit in replevin and took the machine away.

It is first contended by counsel for the defendants that there is no evidence to sustain a judgment against the defendant corporation; that the plaintiff's only claim was, that the transaction was one between himself and Bowman individually, and therefore, the judgment should have been against Bowman alone, if against either. We cannot agree with this contention. The machine was in the premises of the defendant

corporation, and was detained by both defendants. We think, therefore, there was no error, so far as the point thus made is concerned.

It is next claimed that the finding and judgment of the court is contrary to the evidence. We have carefully examined the evidence contained in the stenographic report of the trial, and we think the finding of the trial court is not so manifestly against the weight of the evidence as to justify this court in reversing and remanding the case for a new trial. Donelson v. E. St. Louis Ry. Co., 235 Ill. 625. The plaintiff's theory was, that he bought and was entitled to buy the machine in his own name; that it was his property; that the defendants' interest therein was only an interest in the profits, and the evidence of the plaintiff and his witnesses supports this theory. The defendants' theory was, that the plaintiff was a servant in the employ of the corporation; that his time and services belonged to it, and that the machine and new parts were bought with its money. The defendant, Bowman, admitted, however, that he agreed with the plaintiff that the plaintiff should have more than his wages for his work on the machine and for "finding the bargain," but claimed that a dispute arose as to whether such additional sum should be $100 or $500. There was evidence that the plaintiff hired and paid workmen to help him rebuild the machine, and apparently Bowman knew that such was the fact. While the question of the preponderance of the evidence is one that is not free from difficulty, that question depends so much in this case upon the credibility of the witnesses, that we cannot say that the trial court, who saw and heard the witnesses, erred in finding for the plaintiff. There was no suggestion or theory of partnership advanced by either party, either in the trial court or in this court.

The judgment of the Municipal Court will be affirmed.

*Affirmed.*