### Richard Vanselow, Defendant in Error, v. Adolph Bender, Plaintiff in Error.

### Gen. No. 16,732.

1. APPEALS AND ERRORS—*conclusiveness of verdict.* A court of review is legally bound by the verdict where it is not manifestly against the weight of evidence.

2. SALES—*when in default vendor must return purchase money.* Where the seller has received part of the purchase money for a stock of goods, fixtures and a horse and wagon, and is unable to deliver the horse and wagon, the law implies a promise on his part to repay the purchase money paid, and the buyer, when not in default, has an action for money had and received.

Error to the Municipal Court of Chicago; the Hon. MANCHA BRUGGEMEYER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed December 11, 1912.

D'ANCONA & PFLAUM, for plaintiff in error.

EDWARD R. LITZINGER, for defendant in error.

MR. PRESIDING JUSTICE DUNCAN delivered the opinion of the court.

Richard Vanselow recovered a judgment of $400 against Adolph Bender, plaintiff in error, the amount of his deposit with Bender for the purchase of a stock of merchandise and fixtures and a horse and wagon at an agreed price of $1,200.

On payment of the $400 to Bender, Vanselow received from Bender the following unsigned memorandum of the contract in writing, to-wit:

"CHICAGO, Feb. 2, 1908.
"RICHARD VANSELOW, DR.
to Adolph Bender, stock and fixtures, horse
and wagon at store 3701 Winchester avenue ...................................$1,200.00
        Deposit ...........................    400.00

        On Demand, balance................$  800.00"

It is conceded that defendant in error was given a few days' time by plaintiff in error in which to raise the balance of the purchase price, $800. Defendant in error testified that within the time granted him by plaintiff in error he obtained the $800 and demanded of plaintiff in error the merchandise, fixtures, horse and wagon, which were to be delivered to him on payment of said balance; that plaintiff in error informed him that he had sold and disposed of the horse and wagon, but would let him have another horse and wagon in lieu thereof; that he, defendant in error, refused to complete the sale, unless he could have the merchandise, fixtures, horse and wagon contracted for and demanded the return of the $400 deposit which plaintiff in error declined to do. It is conceded by plaintiff in error that he sold the horse and wagon in question to another party, although he testified he could not remember the name of the purchaser. Plaintiff in error testified that after two or three attempts to raise the balance of the purchase money, defendant in error came and told him that he could not raise the money, and asked plaintiff in error to resell the articles purchased, and if he had anything left over the $800 to pay it to defendant in error; that he agreed to this proposition, advertised and sold the property, and that after deducting expenses he only realized therefor about $450 or $475. On cross-examination his evidence was to the effect that he received the gross sum of $700 for the property, and

also stated that defendant in error proposed at the time he informed plaintiff in error he could not raise the money, that defendant in error said he would call it even, if plaintiff in error would pay him $25; that he had a check drawn for that amount and a receipt therefor and asked defendant in error to sign the receipt and accept the check, but that he refused to sign the receipt but offered to accept the check, which offer was declined, because of defendant in error's refusal to sign the receipt. Plaintiff in error also testified that there was no horse and wagon at 3701 Winchester avenue, and that defendant in error never saw the horse and wagon there or elsewhere. Two witnesses, Messrs. Levy and Speed, employees of plaintiff in error at the times above referred to, testified, in substance, that defendant in error bought the merchandise and fixtures for $1,200; that there was no horse and wagon at 3701 Winchester avenue, but that they were two blocks away from there, where plaintiff in error's place of business then was, and that nothing was said about a horse and wagon when the trade was made, or when defendant in error informed plaintiff in error he could not raise the money, and that they were present at the meetings of said parties in regard to said transaction. Speed, when asked to state what was said at last meeting, testified that defendant in error offered to take $25 and call the matter even, and that he, witness, drew the check and receipt, and that defendant in error refused to sign the receipt and therefore did not get the check or the $25.00. He never testified a word about defendant in error telling plaintiff in error to resell the property and pay plaintiff in error all over $800 received, or anything like that. It also appears in evidence that when plaintiff in error first wrote the memorandum of the contract he omitted therefrom the horse and wagon, and when about an hour afterwards defendant in error returned and insisted on the same being written therein, plaintiff in error so corrected the writing,

saying he had forgotten to put them in the contract. He admits this circumstance and the contract or writing corroborates defendant in error's contention that a horse and wagon, the horse and wagon at said store, was sold to defendant in error. Defendant in error denied that he either offered to accept twenty-five dollars in money or that he authorized a resale of said articles with an agreement to accept whatever was realized on said sale over the $800 owed by him in full satisfaction of his claim.

The jury believed the evidence of the defendant in error, as is manifest from their verdict. After carefully weighing the evidence of defendant in error, together with the corroborating circumstances furnished by the contract, and the drawing of the same and the evidence for the plaintiff in error and the apparent conflicts therein, we are unable to say that the verdict is manifestly against the weight of the evidence. We, therefore, are legally bound by the same. Donelson v. East St. Louis & S. Ry. Co., 235 Ill. 625.

The evidence of defendant in error which the jury have settled as the facts in the case, supports the judgment of the court. Where the vendor has received part of the purchase money and is in default by reason of his failure to deliver the property sold, or a substantial part thereof, as in this case, the law implies a promise on his part to repay the purchase money paid, and an action for money had and received lies against him for all money paid to, and retained, by him by the vendee who is not himself in default. Wheeler v. Mather, 56 Ill. 241; Baston v. Clifford, 68 Ill. 67.

It is also insisted that the verdict was the result of passion and prejudice of the jury, excited by closing remarks of counsel for defendant in error. The court sustained the plaintiff in error's objection to the remarks of said counsel and instructed the jury to disregard them. The principal objection made to the remarks was that they directed the attention of the

jury to the inequality in the financial standing of the parties. We do not find that the record substantiates this claim. While a portion of the remarks were improper, yet we do not think that plaintiff in error was prejudiced thereby, after the ruling thereon.

The other points discussed by counsel have no bearing upon the real issues in this case, and therefore need not be here discussed.

The judgment of the court below is affirmed.

*Judgment affirmed.*