CHICAGO—FIRST DISTRICT—APRIL, 1913.    87

Young et al. v. Macdonald Engineering Co., 179 Ill. App. 87.

Abner T. Young and Michael Reilly, Appellees, v. Macdonald Engineering Company, Appellant.

Gen. No. 17,512.

1. CONTRACTS—*extra work.* In an action on a subcontract evidence as to the value of excavation work below the depth shown by the plans embraced in the subcontract is properly stricken out.

2. DAMAGES—*where subcontractor is unable to complete contract.* In an action for work and material, where plaintiffs were unable to complete their contract with defendants to construct foundations for pumping stations and defendants finished the work charging plaintiffs with the cost, it is improper to allow plaintiffs for material used by defendants which was not charged to plaintiff and for which plaintiffs received the benefit in reduced cost.

3. APPEALS AND ERRORS—*verdict not sustained though evidence of successful party is sufficient when considered alone.* The doctrine that a court of review will not reverse a judgment where the evidence of the successful party, when considered by itself, is clearly sufficient to sustain the verdict, has been practically abrogated.

4. INSTRUCTIONS—*when covered by another instruction.* An instruction is properly refused when covered by another instruction which is given.

Appeal from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed April 30, 1913.

GEORGE N. WOODLEY and CARLETON H. PENDLETON, for appellant.

ALEXANDER & COBURN, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an action in assumpsit instituted in the Circuit Court by the appellees, co-partners, doing business as A. T. Young & Co., against the appellant, a corporation, to recover $1,905.79, claimed to be due from appellant for work and material, and wherein

88    Appellate Courts of Illinois.

Young et al. v. Macdonald Engineering Co., 179 Ill. App. 87.

appellant filed its plea of set-off, a trial by jury resulted in a verdict and judgment against appellant for $1,332.79, to reverse which judgment this appeal is prosecuted.

Appellant having procured a contract from the City of Chicago for the installation of certain coal-handling and storage machinery at two pumping stations, known as the Central Park avenue pumping station and the Springfield avenue pumping station, sub-let the necessary foundation work for said machinery to appellees, on December 30, 1898. In May, 1899, appellees having completed the necessary work at the Central Park avenue station moved their machinery and tools to the Springfield avenue station, where, after having performed a small portion of their sub-contract, they were directed by appellant to cease work until certain other work, then being performed by other sub-contractors, had progressed sufficiently to enable appellees to proceed with their sub-contract. Appellees thereupon discharged their laborers and undertook the performance of some work at Olney in this state. When the work was suspended at the Springfield avenue station, appellees had upon the ground there certain materials and tools consisting of cement, crushed stone, sand, lumber, wheelbarrows, shovels and picks, of the value of $693.50, which they permitted to remain until they should resume work. When it became possible and necessary to resume work at the Springfield avenue station appellees were unable to do so, by reason of the pressure of other work and their inability to procure the services of a competent foreman, and it was finally agreed between the parties that appellant should proceed and complete the work and charge the cost of the same to appellees, and in pursuance to such agreement appellant commenced the performance of the incompleted sub-contract in August, 1899, and finished the same in December following.

While the record is somewhat obscure upon the

point, it is reasonably inferable therefrom that either in December, 1899, or January, 1900, appellant prepared and presented to appellees what purported to be a complete statement of the account between the parties covering the work performed at both stations, and that sometime thereafter a similar statement was prepared by appellees. The evidence leaves it in doubt whether the disputed items which appear upon the statement of account prepared by appellees were brought to the attention of appellant prior to the time this suit was instituted in January, 1901.

The two statements of account are in precise correspondence, except as to three items which constitute the subject matter of this litigation. As to the work at the Central Park avenue station, appellant's itemized statement shows a balance due appellees of $634.09. Appellees have adopted the several items contained in this statement, but in addition to the balance there shown to be due them they claim $475.50 for "extra bills not allowed in statement, and other extra work." This is the first disputed item, and the only item in dispute with reference to the work at the Central Park avenue station.

As to the work at the Springfield avenue station there are two disputed items, one of $800, claimed to be due to appellees for extra work, material lost, including sand, stone, cement, lumber and tools used by appellant, and one of $672.17, being 15 per cent. of the admitted exact cost of the work, claimed by appellant as a proper so-called overhead charge, necessarily and customarily included in the cost of the work. Excluding these two items of $800, so claimed by appellees, and $672.17, so claimed by appellant, the agreed statement shows a balance due appellees on the Springfield avenue station work of $6.20. Appellant's statement covering the work at both stations, excluding the two items of $475.50, and $800, claimed by appellees for extra work, etc., and including the item of $672.17, claimed by appellant, shows a balance due appellant of $41.88.

It is insisted on behalf of appellant that the verdict is against the manifest weight of the evidence as to each of the three disputed items involved.

The evidence bearing upon the item of $672.17, being 15 per cent. of the cost of the work at the Springfield avenue station to cover alleged necessary overhead charges, including expert supervision and superintendence, liability insurance, wear and tear on machinery and tools, and general administration expenses, while conflicting, warranted a finding against appellant as to that item. As to such overhead charges the evidence tends to show that they were included, in the usual course of business, in the estimate made by appellant as the original contractor.

The two items of $475.50 and $800, respectively, claimed by appellees for extra work, material, etc., appear to be the product of an afterthought on their part, and while there is evidence tending to support their claim to the extent of $270 for ninety loads of cinders used in the foundation at the Central Park avenue station and included in the item of $475.50, the evidence is insufficient to warrant a recovery as to any other portion of either of said two items claimed by them. Other than the claim for cinders above mentioned, said items included claims for excavation work below the depth shown by the plans, and for the value of the material which was left by appellees at the Springfield avenue station. The evidence relating to the value of the excavation work below the depth shown by the plans was properly stricken out by the court, because the same was embraced within the terms of the sub-contract, and there only remained to be considered the claim for the value of the material used in the work at the Springfield avenue station. It is not controverted that the material in question, or so much of the same as was fit for use, was used by appellant at the Springfield avenue station. It, however, clearly appears from the uncontradicted evidence that the cost of said material was not charged to appellees in the

. statement of account for work and material, and that appellees received the benefit of the value of said material in the reduced cost to them of the work done by appellant by the use of said material without charge therefor.

The doctrine announced in Calvert v. Carpenter, 96 Ill. 63, and relied upon by appellees, that a court of review will not reverse the judgment of the trial court where the evidence of the successful party, when considered by itself, is clearly sufficient to sustain the verdict, has been practically abrogated in later cases. Bradley v. Palmer, 193 Ill. 15; Donelson v. East St. Louis & S. R. Co., 235 Ill. 625.

The eighth and ninth instructions tendered by appellant and refused by the court were sufficiently covered by the seventh instruction given at the instance of appellant.

Because the verdict is against the manifest weight of the evidence the judgment is reversed and the cause remanded.

*Reversed and remanded.*