**Jehu M. Tague, Appellee, v. Chicago City Railway Company, Appellant.**

**Gen. No. 18,448.**

CARRIERS—*evidence of negligence.* A verdict for plaintiff in an action for injuries received while attempting to board a street car is against the weight of the evidence, where plaintiff and a policeman, who is a personal friend, testify that the car stopped to permit them to get on and started while plaintiff was attempting to do so, but their testimony is contradictory, incongruous and improbable and the con-

ductor, motorman and two passengers testify that plaintiff attempted to board the car while it was in motion and the testimony of the passengers, who are unimpeached, is intelligent, consistent and natural.

Appeal from the Superior Court of Cook county; the HON. JOHN McNUTT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed and remanded. Opinion filed June 3, 1913.

JOHN E. KEHOE and WATSON J. FERRY, for appellant; LEONARD A. BUSBY, of counsel.

LYNN & BAUMER, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

After a careful review of the evidence in this case, we can reach no other conclusion than that the verdict was manifestly against the weight of the evidence.

The suit was one for personal injuries received while plaintiff was attempting to board one of defendant's street-cars in Chicago on Thirty-fifth street, east of Michigan avenue.

One of the main questions at issue was whether the plaintiff made the attempt while the car was in motion. It was going east and had stopped on the west side of Michigan avenue. Plaintiff contended that it also stopped on the east side thereof to permit him and his sole witness as to the accident, a policeman and personal friend, to get on, and that it started up while he was attempting to do so. Defendant's witnesses, the conductor and motorman, and two passengers who were standing on the rear platform while plaintiff attempted to get on, testified that the car did not stop on the east side of Michigan avenue until after plaintiff's attempt to get on it, and then only upon an emergency signal, and that the policeman got on the car on the west side of Michigan avenue. The two passengers also positively swore that they saw plaintiff run out

from the curb on the east side of Michigan avenue, and that he attempted to get on the car while it was in motion.

The testimony bearing on the vital question whether the car was in motion was irreconcilable, and the jury must have reached the conclusion that the defendant's four witnesses deliberately falsified, for each was in a position to know, and under the circumstances none of them could hardly be confused or mistaken about the fact.

We may make due allowance for the interest of the two employes of the company, as well as for that of plaintiff and his friendly witness, but we find no good reason for rejecting the positive and corroborated evidence of the two passengers. They were unimpeached; had been steadily employed at fair wages; were disinterested observers of the affair, and gave an intelligent, consistent and natural account of it. There is nothing in the record to support the belief that they perjured themselves. The fact, freely admitted, that defendant promised to make good any wages they might lose while attending court, is hardly sufficient alone, in view of all the other evidence, to justify such belief. Immediately after the accident, their names were taken and they knew that they might be called as witnesses to the occurrence, and for that reason were more likely to be impressed with its details. The chances of mistake were so remote that we are forced to believe their testimony was either true or deliberate perjury. As it was consistent in every way and also in harmony with that given by defendant's other witnesses, and as the versions given by plaintiff and his witness were so variant in many respects, and so contradictory and incongruous in parts as to have little persuasive force, we think their evidence went far to establish a preponderance for the defense.

Some parts of plaintiff's testimony seem improbable. For instance, he said that the car started up

gradually and went faster and faster and that after he fell he was dragged behind the car a distance of 237 feet while hanging on to its rear dash rail by one hand. The testimony of his witness made the distance about 75 to 100 feet; that of the two passengers from 10 to 25 feet. Being, as he was, behind the car, hanging to its dash rail by one hand and in no danger from it by letting go, and realizing, as he testified, that the car was constantly increasing its speed, it seems contrary to the instinct of self-preservation that he should under such circumstances continue his hold and permit himself to be dragged any considerable distance, whatever the speed of the car.

All agree that he grasped the rear dash rail with his left hand while holding an open umbrella in his right, and keeping his hold ran some distance before he fell. Why he continued to retain his hold and so run, unless he expected the car to stop so he could get on, was not consistently explained, and the incident tends to corroborate the testimony that he caught hold of it while it was in motion.

We do not deem it necessary to point out the several inconsistencies in the testimony given for the plaintiff, for, after a thorough review of the evidence, we think that the manifest weight of it, considering both the number of witnesses and the quality of their testimony, was with appellant's contention that plaintiff attempted to get on a moving car. In such a case it is the duty of the trial judge to set aside the verdict and grant a new trial, and for error in his failure so to do, it is our duty to reverse the judgment and remand the cause for a new trial. *Donelson v. East St. Louis & S. Ry. Co.* 235 Ill. 625; *Drum v. Capps,* 240 Ill. 524, 553; *Trybula v. Plamondon Mfg. Co.,* 153 Ill. App. 298.

The judgment will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*