## Henry V. Williams, Appellee, v. Frank Parmelee Transfer Company, Appellant.

### Gen. No. 19,309.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed June 17, 1915.

### Statement of the Case.

Action by Henry V. Williams against the Frank Parmelee Transfer Company, a corporation, to recover damages for personal injuries sustained as the result of a team of defendant's running away and causing a trunk to fall from defendant's wagon upon plaintiff while engaged in work in a ditch in a street. From a judgment for plaintiff, defendant appeals.

Plaintiff was at work in a ditch or trench on the east side of Milwaukee avenue, opposite Evergreen avenue, in the city of Chicago. Milwaukee avenue runs

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

in a northwesterly and southeasterly direction, and Evergreen avenue intersects Milwaukee avenue at its west side at right angles, but does not extend east of Milwaukee avenue.

As to the manner in which the accident happened, plaintiff testified that he and other men were working in the ditch when he "heard a holler," which caused him to look around; that he saw the men near him start to run and so he tried to get out of the ditch as quick as he could; that before he could do so the team was in the ditch and the wagon turned over on its side; that one trunk fell on top of him and another trunk hit him on the leg, and that he was severely and permanently injured. Plaintiff further testified that his position in the ditch at the time of the accident was about on a line with the south building line of Evergreen avenue; that about "five or eight or ten minutes" before the accident he saw the same team and wagon "on the south side of Evergreen opposite a three story building," about "80 or 90 feet" away from the ditch; that the team was "standing there;" that he "didn't see them tied to anything," and that he "didn't see no one around them."

John Cronin, a witness for plaintiff, testified that the team and wagon came from Evergreen avenue and into Milwaukee avenue. Lynaugh, another witness for plaintiff, testified that when he first saw the team, "it was coming on a run out of Evergreen, across Milwaukee avenue" and that no one was on the wagon. Fitzgerald, another witness for plaintiff, testified that when he first saw the team it was "coming down Evergreen avenue, * * * about 100 feet from Milwaukee avenue."

Edward Witto, a witness for defendant, testified that on the morning of the accident he was sitting in a park west of Milwaukee avenue and north of Evergreen avenue; that when he first saw the team and wagon they were on Evergreen avenue, "about two

blocks west of Milwaukee avenue," that the horses were "going pretty fast" towards Milwaukee avenue, and that "nobody was driving them."

In the first count of plaintiff's declaration it was averred that the defendant negligently permitted said team to be and remain "unhitched and unattended" so that it was "free to run away," and that because of that negligence the team did run away and plaintiff was thereby injured. The second count set forth ordinance No. 1424 of the city of Chicago, which prohibited persons from *leaving* any horse, or other animal, attached to any wagon or other vehicle in any public street of the city, "without *securely fastening* such horse or other animal," and it was averred that the defendant "negligently and in violation of said ordinance," *left* its horses attached to its wagon "without *securely fastening* said horses," whereby they "were left free to run away and did run away," and plaintiff was thereby injured.

WILLIS G. SHOCKEY, WILEY W. MILLS and WILLIAM H. HOLLY, for appellant.

C. HELMER JOHNSON and DANIEL BELASCO, for appellee; W. D. ELMER, of counsel.

PER CURIAM.

## Abstract of the Decision.

1. ROADS AND BRIDGES, § 238*—*when negligence not presumed.* Negligence will not ordinarily be presumed from the mere fact that a horse runs away.

2. NEW TRIAL, § 52*—*when duty to grant.* It is the duty of the trial judge to set aside a verdict which is manifestly against the weight of evidence and grant a new trial, and the failure to do so is reversible error.

3. PLEADING, § 395*—*what must be proved under allegations.* Under a count in a declaration alleging that the defendant negligently permitted his team to be and remain "unhitched and unattended" so that it was "free to run away" and that, because of such negligence, the team did run away and plaintiff was thereby in-

jured, it is necessary to prove not only that the team ran away and injured plaintiff, but also that the defendant permitted such team to be and remain unhitched and unattended.

4.  PLEADING, § 395*—*what must be proved under allegations.* Under a count in a declaration setting forth a city ordinance prohibiting persons from leaving any horse, or other animal, attached to any wagon or other vehicle in any public street of the city, "without securely fastening such horse or other animal," and averring that defendant negligently left its horses attached to its wagon, "without securely fastening said horses," whereby "they were left free to run away" and plaintiff was thereby injured, it is necessary to prove that defendant left the horses without securely fastening them, in addition to proof of injury.

5.  ROADS AND BRIDGES, § 239*—*when evidence fails to sustain finding of negligence.* Evidence, in an action by a laborer against the owner of a team for damages for injuries sustained as a result of the team running away and causing a trunk to fall upon the laborer while at work in a ditch in a street of the city of Chicago, *held* not to sustain a finding that defendant negligently permitted such team to be and remain unhitched and unattended, and that defendant negligently left such horses without securely fastening them.

PAM, J., dissenting.