## C. W. McMillen, Appellant, v. J. F. Betz, Appellee. Gen. No. 6,972.

1. COURTS—*binding effect upon Appellate Court of Supreme Court decision.* The latest expression of the Supreme Court of Illinois upon the law of a question is binding upon and will be followed by the Appellate Court.

2. VENDOR AND PURCHASER—*when purchaser cannot recover damages for refusal of vendor's wife to sign deed.* A vendee of land who accepts a contract to convey which is not signed by the wife of the grantor cannot refuse to accept a deed otherwise sufficient because the wife refuses to sign it and can recover no damages because of such a refusal.

3. VENDOR AND PURCHASER—*what is measure of damages for failure to convey land.* In an action for damages for failure to convey land, the measure of damages is the difference between the contract price and the fair cash market value of the land, and the fact that the purchaser has a contract to sell the land for more than the purchase price is merely a circumstance to be considered with the other evidence in arriving at the market value.

4. APPEAL AND ERROR—*when verdict of jury as to value of land will not be set aside.* The question of the value of land is purely one of fact for a jury and its verdict will not be set aside unless it is clearly against the weight of the evidence.

5. VENDOR AND PURCHASER—*when instruction that defendant's wife was not competent witness proper.* In an action for damages under a contract to convey land, where defendant's wife refused to sign the deed, it was proper to instruct the jury that the wife was not a competent witness in the case, to explain defendant's failure to call her.

6. VENDOR AND PURCHASER—*when instruction on subject of waiver justified.* In an action for breach of contract to sell land, where there were several things which the evidence showed were waived by the parties, the court was justified in instructing the jury that a waiver of any part or the whole of the contract could be made by either party, either by spoken words or acts of either party or by acts which raised a reasonable inference of the intention of the party to make such waiver.

Appeal from the Circuit Court of Lee county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed February 23, 1922.

CHARLES F. PRESTON, for appellant.

MIGHELL, GUNSUL & ALLEN, for appellee.

MR. JUSTICE PARTLOW delivered the opinion of the court.

Appellant, C. W. McMillen, began an action of assumpsit in the circuit court of Lee county against appellee, J. F. Betz, to recover damages for the breach of a contract to convey land, and to recover $2,000, being the first payment on the same. Upon the first trial a verdict was returned in favor of the appellant for $2,350. A new trial was granted and upon the second trial there was a verdict for appellant for $2,000. Judgment was rendered upon the verdict and this appeal was prosecuted.

Appellant was a real estate agent living at Paw Paw, Lee county. Appellee was a farmer owning 360 acres of land in Wyoming township, Lee county, but he resided on a farm near Oswego, Kendall county. On July 3, 1919, the parties entered into an option contract by the terms of which appellee gave appellant the right to purchase the 360 acres. On July 23, 1919, appellant notified appellee that he had elected to exercise his option to purchase the land. He tendered $2,000 and requested appellee to execute a contract of sale as provided in the contract of July 3, 1919. Appellee refused to accept the $2,000 or to execute the contract of sale. Appellant then filed a bill in the circuit court of Lee county for the specific performance of the contract and a decree was entered ordering the appellee to specifically perform and carry out the contract.

On November 12, 1919, the parties entered into another contract which was not signed by appellee's wife, by the terms of which the appellee agreed to convey the land to appellant in fee simple, clear of all incumbrances, by a good and sufficient warranty deed, and

appellant agreed to pay appellee for the land $108,000, of which $2,000 was to be in cash and the balance at various times specified in the contract. This contract was dated July 23, 1919, but was not actually signed until November 12, 1919, upon which date appellant paid appellee the $2,000 as first payment. Later appellant served notice upon appellee that under the terms of the contract he would pay appellee the full balance of the purchase price on March 1, 1920 at which date the conveyance was to be made.

The parties met on January 7, 1920. Appellee's wife was present and she then announced that she would not sign any papers in the case. On March 1, 1920, appellant tendered to appellee $106,000 in full payment of the balance due and appellee tendered to appellant a deed signed by appellee but not signed by his wife. Appellant refused to accept the deed on the ground that the wife of appellee had an inchoate right of dower which was an incumbrance on the land within the terms of the agreement of November 12, 1919, which agreement provided that the conveyance was to be clear of all incumbrances. The appellant then began this action to recover the $2,000 paid by him at the time the contract was signed, together with $9,000 which he claimed as damages by reason of the failure of the appellee to comply with the contract.

In *Bartak v. Isvolt*, 261 Ill. 279, the contract and facts were quite similar to the case at bar. The contract provided that the vendor was to furnish a complete merchantable abstract of title brought down to date and to convey free and clear of all incumbrances, subject to certain leases recited in the contract. The wife of the vendor refused to sign the deed and the vendor tendered to the purchaser a warranty deed signed only by the vendor and demanded the balance of the purchase price. The purchaser refused to accept the deed because it was not signed by the vendor's wife. A bill was filed by the purchaser for the specific

performance of the contract and a decree entered in accordance with the prayer of the bill ordering the vendor to convey free of all incumbrance as. provided in the contract. Upon appeal to the Supreme Court, the decree was reversed and the case remanded and it was there held that, if the purchaser accepted a contract for the sale of the land signed only by the vendor who was the owner of the. fee and the contract contained no provision that the deed should be signed by the vendor's wife, the purchaser was bound to accept a deed signed by the vendor alone and pay the full purchase price, leaving the purchaser to rely upon the covenants of the deed to protect him against the dower interest of the wife in case she should survive her husband. It is insisted by the appellant that the holding in that case is in conflict with other holdings of the Supreme Court. This case, however, is the last expression of the Supreme Court on this subject and is binding upon this court and will be followed in this case. Under this holding the appellant was required to accept the deed as tendered to him by the appellee and could recover no damage by reason of the refusal of the wife of the appellee to join him in the conveyance.

The judgment of the circuit court, however, may also be affirmed on other grounds. It seems to be conceded that if the appellant had a cause of action, the measure of his damage was the difference between the contract price and the fair cash market value on March 1, 1920. Appellant and five other witnesses testified that the fair cash market value of the land on March 1, 1920, was from $425 to $450 per acre. The appellant offered evidence to show that, prior to March 1, 1920, he had sold the land to a man by the name of Bauer for $117,000, which was an increase of $9,000 over his contract price with appellee. On behalf of the appellee five witnesses, not including appellee, testified that the. fair cash market value of the land on March 1, 1920,

was from $290 to $300 per acre. The fact that appellant had a contract to convey to Bauer at a larger sum than he was to pay appellee did not fix the measure of damages at the difference between the contract price which he had with appellee and the contract price which he had with Bauer. That fact was only a circumstance which the jury had a right to consider in determining the value of the land on March 1, 1920. The evidence as to the value on that date was in sharp conflict, in fact it was almost evenly balanced. The witnesses who testified on both sides seemed to be of about equal credibility and to have equal knowledge as to the land and its value. If the land was worth only $300 per acre, the appellant sustained no damages. The question of the value of the land was purely one of fact for the jury and we will not set aside the judgment unless it is clearly against the weight of the evidence. *Donelson v. East St. Louis & S. Ry. Co.,* 235 Ill. 625; *Williams v. Frank Parmelee Transfer Co.,* 194 Ill. App. 468. Two juries have passed upon the evidence. The first one fixed the damages at $2,350 and the second one at $2,000. This last verdict is in favor of the appellee on the question of damages sustained and it only allowed appellant the amount of his first payment of $2,000. Upon a consideration of all the evidence we cannot say that the verdict on the question of damages is contrary to the evidence and the judgment cannot be reversed on that ground.

Complaint is made of the first and sixth instructions given on behalf of the appellee. The first instruction told the jury that the appellee's wife was not a competent witness in the case. It is conceded by appellant that the wife was not a competent witness and that the instruction announced a correct, abstract proposition of law, but it is contended that it called undue attention to appellee's wife. There was evidence that the wife had told certain persons that she would not sign the deed and under these circumstances the jury

might not understand why she was not called as a witness and for this reason the appellee had a right to have the jury informed that under the law she could not testify.

The sixth instruction told the jury that a waiver of any part or the whole of the contract could be made by either party to the contract, either by spoken words or by acts of either party which raise a reasonable inference of the intention of such party to waive such performance. The objection to this instruction is that there is no evidence on which to base it. There were several things which the evidence showed were waived in this case. The deed tendered by appellant to appellee on March 1, 1920, did not have revenue stamps on it and that omission was waived by appellant. The tender of $106,000 made by appellant on the same date was not in cash and no point was made on account of that fact. The question as to whether appellant waived his right to have the deed signed by the wife of appellee was also before the jury. On that point the evidence showed that shortly after the first contract was entered into, knowledge was brought to the appellant that the wife of appellee did not want to sign the deed and that there might be some difficulty in obtaining her signature. This fact was known to the appellant even before the bill for specific performance was filed and before the contract of November 12, 1919, was executed. When this refusal of the wife to sign was called to the attention of the appellant, there is evidence tending to show that he said he guessed she would sign the deed and he would take a chance on that feature of the case. All this evidence in the record was sufficient to justify the court in giving to the jury the sixth instruction complained of by appellant.

We have considered only the errors argued in the briefs and finding no reversible error in any of them the judgment will be affirmed.

*Judgment affirmed.*